2me 573
e112 385
112 388

CASE 55—PETITION EQUITY—FEBRUARY 4.

## Bell vs. Clark.

APPEAL FROM CHRISTIAN CIRCUIT COURT.

1. In an action to sell real estate of infants, the commissioners appointed by the court to report the value of the infants' real and personal estate, and the annual profits thereof, after stating in their report the value of the land proposed to be sold, make the following statement: "That there is no other estate in this country belonging to said heirs, known to them." *Held*—That the report is insufficient, and the court had no jurisdiction to decree a sale.

2. Non-resident guardian appointed by the court of another State, desiring to bring an action for the sale of the real estate of his wards situated in this State, may procure an order from the county court of the county where the estate is situated, authorizing him to act as a guardian appointed in this State. (*Rev. Stat., p.* 376.)

3. Estate in remainder, although not belonging exclusively to the infants now *in esse,* of the tenant for life, (their father and guardian,) but also to his children who

may be hereafter born, may be sold for the purpose of reinvesting the proceeds, as provided by the act of February, 1858, to amend chapter 86 of Revised Statutes.

The order of sale was made 15th October, 1858. The commissioner's report of the sale was returned and confirmed April, 1859.

PHELPS & BRISTOW, for appellant, cited *Rev. Stat.*, 592 ; 16 *B. Mon.*, 296 ; 18 *Ib.*, 782.

JAS. F. BUCKNER for appellee.

CHIEF JUSTICE SIMPSON DELIVERED THE OPINION OF THE COURT :

This action was brought to sell real estate of infants, to which they were entitled in remainder after the death of their father.

The petition was filed by the father, who stated that he was the guardian of the children by virtue of an appointment made by the proper court in Texas, where they all resided.

The principal question in the case relates to the sufficiency of the report of the commissioners who were appointed by the court to report the net value of the infants' real and personal estate, and the annual profits thereof.

It has been heretofore decided by this court that it is the duty of the commissioners to ascertain and report the value of the whole of the estate of the infants; and that their report, unless that be done by them, will be insufficient, and not be a compliance with the requisitions of the statute.

The commissioners, after stating in their report the value of the land proposed to be sold, make the following statement: " That there is no other estate in this country belonging to said heirs, known to them;" from which the inference might be drawn that there was other estate known to them belonging to the infants, but that it was not in this country. It is the duty of the commissioners in such a case to satisfy themselves, by proper inquiries of the guardian and other persons, in regard to the estate which actually belongs to the infants, whether in this or any other State; and having satisfied themselves on this point, to state in their report that they have valued the whole of the estate which belongs to the infants. The statement that the infants have no other estate *known to them* may be true, and

yet the infants may have other estate in the same county. They do not state in their report that they made any inquiries, or satisfied themselves in any way that the infants had no other estate besides that estimated by them, and mentioned in their report. Consequently the commissioner's report must be deemed insufficient. And as the court had no jurisdiction to decree a sale until a sufficient report was made by the commissioners, the exceptions of the purchaser to the commissioners' report ought to have been sustained, and the sale quashed.

We would also remark, that as the statute requires the petition for the sale of infants' real estate to be filed by the *statutory guardian*, and the bond to be executed by him, and as the plaintiff is a non-resident guardian appointed by the court of another State, it might be proper, in order to remove all doubt of his right to file such a petition, to procure an order of the county court of Christian county to authorize him to act as a guardian appointed in this State ; as, without such authority, he may not have any right to sue as guardian in the courts of this State. The power to confer such authority is given to the county court by the Revised Statutes, (*p.* 376.)

The objection which is made to the sale on the ground that the estate in remainder does not belong exclusively to the children now *in esse* of the tenant for life, but that the children who may be hereafter born will be entitled to an interest therein with them, is obviated by the act which was passed in February, 1858, to amend chapter 86 of the Revised Statutes. That act authorizes a sale of real estate in cases like this, for the purpose of reinvesting the proceeds in other property in or out of this State, to be held for the same uses and trusts, and in the same manner, in all respects, as the property sold was held, and requires the court that orders the sale to see that the reinvestment is made.

Wherefore, the judgment overruling the motion to quash the sale is reversed, and cause remanded, with directions to sustain said motion, and for further proceedings not inconsistent with this opinion.