GEORGE C. WINCHESTER *vs.* ADIN THAYER, Judge of the Court of Insolvency, & others.

Worcester.    June 29. — July 2, 1880.    COLT & SOULE, JJ., absent.

The record of a Court of Insolvency, as made up or amended by direction of the judge, cannot be contradicted by parol evidence upon a petition to this court, under the Gen. Sts. *c.* 118, § 16, to vacate the proceedings.

A person, against whom and his partner proceedings in insolvency have been instituted, cannot avoid them on the ground that his partner was an infant when the proceedings were begun, if the infant was then represented by a guardian *ad litem*, and has ratified the proceedings after coming of age.

If the judge of the Court of Insolvency declines to entertain an application of the petitioning creditor to vacate proceedings in insolvency, because not presented at a regular meeting, and the application is withdrawn, without asking for an order of notice thereon, or giving opportunity to other creditors to come in and prosecute the proceedings, the refusal of the judge affords no ground for this court to vacate the proceedings, under the Gen. Sts. *c.* 118, § 16.

A judge of the Court of Insolvency should not be joined as a defendant in a bill in equity, under the Gen. Sts. *c.* 118, § 16, to vacate proceedings in insol vency.

BILL IN EQUITY, under the Gen. Sts. *c.* 118, § 16, to vacate proceedings in insolvency instituted against George C. Winchester (the plaintiff), William G. Wheildon and Herbert H. Winchester, copartners under the name of George C. Winchester & Co., upon the petition of a creditor. The judge of the Court of Insolvency, the plaintiff's copartners (who had refused to join as plaintiffs) and the assignees in insolvency were made defendants to the bill.

The bill alleged that the petition was presented to the judge of the Court of Insolvency on September 1, 1879, and, after notice to the debtors and the appointment of a guardian *ad litem* for Herbert H. Winchester, a minor, the warrant was issued on September 9, and the first publication thereof made on September 12; that the first meeting of creditors was held on September 23, 1879, and thence adjourned to October 8, and again to October 22, and that there was no further adjournment of that meeting; that on November 18 the plaintiff by his attorney presented to the judge the claim of the petitioning creditor, properly sworn to, for proof, and also a petition of the same creditor to vacate the proceedings, and the judge refused to entertain that petition, because not presented at a regular meeting, and, upon an examination of the record of the case by the judge and the plaintiff's attorney, there appeared to be no record of any adjournment; and therefore no further action was taken until December 9, when, at the request of the petitioning creditor's attorney, a record was made up by the register, under the direction of the judge, so as to show the case to have been adjourned from October 22 to December 17; that the plaintiff had since requested the judge and the register to amend the record so as to conform to the fact in regard to the adjournment, but they had declined to do so; that on December 9 the judge ordered notice to the debtors and to their creditors that an adjourned first meeting would be held on December 17, and on December 17 a like order of notice was made, returnable on January 7, 1880, and both these orders were duly served and returned; and that at the meeting on January 7, the judge, against the protest of the plaintiff, allowed divers claims of supposed creditors to be proved, and assignees to be chosen by the creditors who had proved their claims, and afterwards ordered

the plaintiff to convey his property by a confirmatory deed to the assignees.

The bill also alleged that, at the meeting on January 7, Herbert H. Winchester, then of age, came into court and confirmed, so far as he was able, the proceedings in the case; but that, as at the time of the original petition he was a minor, and remained such until November 29, 1879, any ratification by him could not affect the plaintiff's rights.

The bill further alleged that, between September 8 and December 9, 1879, the debtor and nearly all the creditors whose claims were afterwards proved, together with many other creditors, including the petitioning creditor, executed and delivered an indenture of trust to the trustees named therein, according to the conditions and stipulations therein contained, by which all their claims were to be adjusted, all pending suits and proceedings in insolvency to be discontinued, and all the property of the debtors was conveyed to the trustees, to be applied to the payment of debts; that on November 11 the trustees took, and had since retained, possession thereof; and that the petition to vacate the proceedings in insolvency, presented to the judge on November 18 as aforesaid, was made in accordance with that indenture, and was withdrawn by the petitioner on or about December 9.

The indenture of trust, a copy of which was annexed to the bill, purported to be made on September 8, 1879, between the debtors of the first part, the trustees of the second part, and the several creditors of the debtors, "who shall execute these presents within sixty days from the day of the date hereof, or within such further time, if any, as said parties of the second part shall allow in and by a writing herein signed by them," of the third part; and contained the following proviso: "Provided always, and these presents are upon the express condition, that unless creditors holding claims against said firm of George C. Winchester & Company, or George C. Winchester, amounting in the aggregate to ninety per cent of the total unsecured indebtedness of said firm, and of George C. Winchester individually, made known to and certified by said trustees herein, shall sign these presents within sixty days from the date hereof, or within such further time, if any, as

the party of the second part, or the survivor or survivors of them, shall allow as aforesaid, these presents shall be null and void."

The answers alleged that the first meeting of creditors was adjourned from October 22 to December 17, 1879; that no indenture of trust was ever delivered as a completed and operative instrument; and that Herbert H. Winchester, on December 5, 1879, after coming of age, executed a deed, by which he expressly ratified, confirmed and adopted the partnership, and all the business, contracts, rights and liabilities thereof, as fully as if the same had been transacted, made, acquired and incurred when he was of full age. The plaintiff filed a general replication.

At the hearing upon the pleadings and proofs, before *Endicott*, J., the plaintiff offered to prove that there was no adjournment of the first meeting from October 22 to December 17, and that all the proceedings after October 22 were carried on without any legal adjournment of the first meeting. But the judge ruled that evidence to contradict the record of the Court of Insolvency was not admissible.

The statements of fact in the bill and answers, so far as they related to the minority of Herbert H. Winchester, his confirmation of the partnership and its contracts, and his ratification of the proceedings in insolvency, were admitted by all parties to be true. The judge ruled that his minority at the commencement of the proceedings in insolvency would not render those proceedings void, he having subsequently, on attaining his majority, confirmed the partnership and its contracts, and adopted and assented to the proceedings in insolvency.

The plaintiff offered to prove the due execution of the indenture of trust; that it was executed by ninety per cent of the unsecured creditors of the debtors, and that this was made known to the trustees within the time named therein; that it was delivered to the trustees, and they took possession of the property therein described; but that the trustees never certified to the fact that ninety per cent of the creditors had so executed it. The judge ruled that this evidence would not entitle the plaintiff to the relief prayed for.

The judge was of opinion that the bill should be dismissed, but, at the request of the parties, reported the case for the consideration of the full court. If the rulings were erroneous, the case was to stand for hearing; if they were correct, the bill was to be dismissed, with costs.

*D. H. Merriam,* for the plaintiff.

*S. Hoar,* (*E. R. Hoar* with him,) for the defendants.

GRAY, C. J. This bill is filed under the Gen. Sts. *c.* 118, § 16, by which it is enacted that this court "shall have a general superintendence and jurisdiction of all cases arising under this chapter; and, except when special provision is otherwise made, may, upon the bill, petition, or other proper process, of any party aggrieved, hear and determine the case as a court of equity."

1. The Court of Insolvency is a court of record, and as such has power to amend its own records, and the record as made up or amended by direction of the judge is conclusive evidence of the doings of the court; and parol evidence is inadmissible, even in a court authorized to review its decisions by appeal or otherwise, to contradict the record. The plaintiff cannot therefore be permitted to show that the first meeting was not adjourned from October 22 to December 17, as stated in the record of the Court of Insolvency. Gen. Sts. *c.* 118, §§ 1, 6. *Dearborn* v. *Ames,* 8 Gray, 1. *Batty* v. *Fitch,* 11 Gray, 184. *Marsh* v. *McKenzie,* 99 Mass. 64. *Leigh* v. *Arnold,* 5 Cush. 615.

2. It has not been decided in this Commonwealth whether an infant is subject to proceedings under the insolvent laws. *Butler* v. *Breck,* 7 Met. 164. *Farris* v. *Richardson,* 6 Allen, 118. But when in such proceedings, instituted by a creditor of a partnership of which he is a member, he has been represented by a guardian *ad litem,* and after coming of age has expressly ratified the partnership and the proceedings, it is difficult to see how he could afterwards avoid them. *Hill* v. *Keyes,* 10 Allen, 258. And even if he could avoid the proceedings so far as he is concerned, it is quite clear that his copartners, who were of full age when the proceedings were instituted, cannot.

3. When, as in this case, the general supervisory jurisdiction of this court under the Gen. Sts. *c.* 118, § 16, is invoked

by bill or petition in equity to revise the doings of the Court of Insolvency, the suit in this court, though it is not technically an appeal, and does not of itself vacate or stay the proceedings in the court below, yet is, as was commonly said by Chief Justice Shaw, a petition in the nature of an appeal, and its purpose is to review and correct the decisions of the Court of Insolvency. *Eastman* v. *Foster*, 8 Met. 19, 23. *Barnard.* v. *Eaton*, 2 Cush. 294, 300–302. *Harlow* v. *Tufts*, 4 Cush. 448, 451. *Lancaster* v. *Choate*, 5 Allen, 530. *Hall* v. *Marsh*, 11 Allen, 563, 565.

The Court of Insolvency had power, upon the application of a creditor who had proved his debt, and after notice to all persons interested, to vacate the proceedings, if no objection was made by the debtor or by any such creditor; but pending an adjournment the judge could not do more than issue an order of notice on such an application, and he was not required to do that. Gen. Sts. *c.* 118, §§ 4, 130. The bill in this case shows that the judge refused to entertain the application to vacate the proceedings because it was not presented at a regular meeting, and that before the day arrived to which the meeting stood adjourned that application was withdrawn. If it had been pressed to a hearing, other creditors, at least those who had not executed the indenture, would have had the right to come in and prosecute the proceedings in insolvency. *Foster* v. *Goulding*, 9 Gray, 50.

For this reason, the evidence offered concerning the indenture of trust did not entitle the plaintiff to the relief prayed for, independently of the question argued at the bar, and upon which we express no opinion, as to the effect of the want of a certificate by the trustees that the indenture had been executed by the requisite proportion of creditors to make it operative.

4. The practice, which has prevailed to some extent, and which, not being objected to, has been allowed to pass *sub silentio* in several reported cases, of making the judge of the Court of Insolvency a defendant in such suit in equity, is irregular, and unsupported by any precedent or analogy in equity pleading. It perhaps had its origin in the fact that in the early years of the insolvent law the application to this court

was often in the form of a petition for a writ of mandamus or of prohibition, on the common-law side of the court, in which the magistrate or tribunal whose action is sought to be controlled or restrained is properly made respondent. *Kimball* v. *Morris*, 2 Met. 573. *Randall* v. *Barton*, 6 Met. 518. *Gilbert* v. *Hebard*, 8 Met. 129. *Agawam Bank* v. *Morris*, 4 Cush. 99, 102. *Connecticut River Railroad* v. *County Commissioners*, 127 Mass. 50, 59 *ad fin.*

This court, in the exercise of its supervisory jurisdiction in equity under the insolvent laws, may doubtless, by interlocutory order or final decree, give such directions to the judge of the Court of Insolvency as the rights of the parties in interest may require. But it is unnecessary for that purpose, and is wholly inconsistent with the principles of equity jurisdiction and practice, that the judge of an inferior court whose proceedings are brought in review should himself be made a party defendant, and be thereby put to the inconvenience of appearing and answering in a cause in the determination of which he has no personal interest. *Bill dismissed, with costs.*