JAMES W. RICKER *vs.* GEORGE M. BROOKS & others.

Middlesex.   December 4, 7, 1891. — January 8, 1892.

Present: HOLMES, MORTON, LATHROP, & BARKER, JJ.

*Insolvent Debtor — Collection of Taxes — Suit by Collector — Equity Practice and Pleading — Parties defendant — Multifariousness.*

A collector of taxes cannot maintain a bill in equity in his own name, under the St. of 1889, c. 334, § 7, to collect a tax, without averring that the tax had remained uncollected for three months after its committal to him.

A judge of insolvency and a register of insolvency, as well as the assignee of an insolvent debtor under an assignment at common law for the benefit of creditors made before the beginning of insolvency proceedings, are improperly joined as defendants, in a bill in equity under the Pub. Sts. c. 157, § 15, to vacate such proceedings.

A bill in equity, which attempts to deal with property of an insolvent debtor trans-

ferred by him for the benefit of his creditors by an assignment at common law, and which also seeks to annul and set aside composition proceedings subsequently entered into by the debtor in the insolvency court, is multifarious.

BILL IN EQUITY, under the Pub. Sts. c. 157, § 15, filed in this court on May 9, 1891, by the collector of the city of Boston, against the judge of the Court of Insolvency for Middlesex, the register of that court, a firm of insolvent debtors, and George R. Fowler and Henry P. Emerson, the assignees of the firm, alleging that a tax amounting to $106.40, due from such firm, was duly committed to the plaintiff for collection; that subsequently, on November 17, 1890, while the tax was still due and unpaid, the firm, after making an assignment, for the benefit of creditors of the firm, to Fowler and Emerson, to the extent of from nine to ten thousand dollars, filed a petition in insolvency, together with a schedule of creditors and property, in the Court of Insolvency; that this petition represented the firm to be insolvent, and prayed for a warrant to issue for taking possession of the estate of the firm, and of that of the partners individually, in the event of an offer of composition with creditors filed with the petition not being accepted; that, by order of the court, hearings were had from time to time, and claims allowed against the estate; that no notice of any of these insolvency proceedings was given to the plaintiff, or to the city of Boston; that the claim for taxes was a debt and charge against the estate, entitled by law to priority of payment, which, though known by Fowler and Emerson to be due and unpaid, was not entered upon the schedule of creditors' claims; that the offer of composition did not provide for payment in full of such claim for taxes; that after the deposit of $8,754.10 in the Court of Insolvency for the payment of dividends, Fowler informed the plaintiff that the claim for taxes had been omitted from the schedule, that the proceedings in insolvency had been had, and that the claim for taxes would not be paid; that this was the first and only notice that the plaintiff or the city had of the insolvency of the firm, or of any of the proceedings in the premises; that subsequently, on May 7, 1891, the plaintiff offered proof of the claim for taxes in the Court of Insolvency, and the offer of proof was rejected at the instance of such assignees by the judge of such court, on the ground that the claim was

not upon the schedule of claims; and that the Court of Insolvency had no authority to consider the offer of composition, inasmuch as the same did not provide for the payment in full of all debts and charges entitled by law to priority.

The prayer of the bill was that the composition proceedings might be annulled, and the judge of the Court of Insolvency, the register thereof, and the insolvent debtors, be enjoined from any further proceedings thereunder; that the judge might be ordered to issue a warrant upon the petition in insolvency against the firm and the individual estate of the debtors; that payment in full of such tax might be ordered; and that the assignees, Fowler and Emerson, be ordered to transfer to the Court of Insolvency the estate assigned to them, or the proceeds thereof; and for further relief.

The defendants demurred to the bill on the grounds, among others, that the plaintiff did not state a case which entitled him to relief in equity; that the bill alleged no right to bring a suit in the plaintiff's name to collect the taxes in question, and that there was no cause of action alleged to be vested in him, nor any right to maintain the bill; that the judge of the Court of Insolvency, the register of insolvency, and Fowler and Emerson, the assignees of the insolvent debtors, were improperly joined as parties defendant in the bill; and that the bill was multifarious.

The demurrer was sustained, and the bill dismissed, with costs; and the plaintiff appealed to the full court.

*J. Prentiss*, for the defendants.

*R. W. Nason*, for the plaintiff.

MORTON, J. The demurrer in this case was rightly sustained.

1. The bill, though brought in the name of the collector of taxes, contained no allegation that there had been a neglect to pay the taxes for three months after committal to the collector. The right of the collector to bring suit in his own name being purely statutory, it was necessary to allege the existence of the fact or facts on which his right to sue depended. St. 1889, c. 334, § 7.

2. It was expressly held in *Winchester* v. *Thayer*, 129 Mass. 129, a case similar to this, that the judge of the Court of Insol-

vency was improperly made a party defendant, and we think the reasons there given would apply as well to the register of insolvency.

3. It is difficult to understand the grounds on which Emerson and Fowler are made defendants. As we read the bill, the debtors had made to them, before the proceedings in the Court of Insolvency, an assignment at common law for the benefit of their creditors. But that fact clearly furnishes no reason for making them parties defendant to this bill, which is brought under the supervisory jurisdiction of this court for the purpose of vacating and annulling the composition proceedings in the Court of Insolvency, and has nothing to do with the common law assignment which was made to them, or with the property which it conveyed to them. So far, therefore, as the bill seeks to deal with the common law assignment and the property conveyed by it on the one hand, and to set aside and annul the composition proceedings on the other, it is multifarious. The two matters are entirely unconnected. It may be added, that it is not easy to see how this court could in any event order Emerson and Fowler to transfer to the Court of Insolvency, as prayed for in the bill, the property in their hands, or what that court could do with it if it got it. There is no provision that the judge or register shall act as custodians of property belonging to insolvent debtors.

As the decree sustaining the demurrer and dismissing the bill must be affirmed for the reasons above given, it is not necessary to consider whether the bill could be maintained to set aside and annul the composition proceedings on the ground alleged.

*Decree affirmed.*