JOHN H. HARRINGTON *vs.* CHARLES J. GLIDDEN, trustee.

Middlesex. March 18, 1901. — September 5, 1901.

Present: HOLMES, C. J., LATHROP, BARKER, HAMMOND, & LORING, JJ.

*Statutory Remedy. Tax,* Abatement exclusive remedy for overvaluation, Description of property assessed, Limitation of action by collector. *Limitations, Statute of. Constitutional Law.*

Where a new right is created by statute which at the same time provides a remedy for any infringement of it, that remedy must be pursued. Quoted with approval from *Osborn* v. *Danvers,* 6 Pick. 98, 99.

Where a tax is for a legal purpose and the assessors have jurisdiction and proceed

in accordance with the statutes, their decision as to the nature and amount of the taxable property of a person who has not brought in a list under Pub. Sts. c. 11, § 72, cannot be attacked in any collateral proceeding, and can be changed only in a proceeding under the statute for an abatement.

A resident of a certain city, who had taxable personal property there in his individual name and also had in his name as trustee for a New York corporation of which he was a director certain shares of corporations organized in other States, was assessed and taxed both on the property held by him as an individual and on that held as trustee. He presented no sworn list of his individual property, but, several months after the warrant had been committed to the collector, filed a sworn statement purporting to relate only to the property held by him as trustee, alleging that he had as trustee no property in his hands liable to taxation. In an action brought against him as trustee to recover the tax, the jury found that the assessors "ascertained as nearly as possible the particulars of the personal estate held by the defendant as trustee for the purposes of making this assessment," and that "having obtained those particulars they estimated such property at its just value according to their best information and belief." The court being of opinion that the evidence fully justified the findings of the jury, *held,* that the defendant could not question the valuation of the assessors, his grievance, if any, being one of overvaluation for which his only remedy was by the statutory proceeding for an abatement.

Under Pub. Sts. c. 11, § 41, which requires assessors to ascertain as nearly as possible the particulars of the estate of any person who has not brought in a list as required by them, and to make an estimate thereof at its just value, according to their best information and belief, an objection, that the description of the personal property assessed is insufficient, is not tenable.

Under St. 1889, c. 334, § 7, which provides, that if a tax remains unpaid for three months after it is committed to the collector, he may sue in his own name to collect it, the statute of limitations does not begin to run until the expiration of the three months, as the collector has no right of action except that given him by the statute.

The statutes of this Commonwealth relating to the assessment of taxes are not unconstitutional because they do not give the party assessed an opportunity to be heard. He has a full opportunity to be heard before the assessing board, if he desires it, before the demand becomes conclusive against him, and that is enough.

CONTRACT by the collector of taxes of the city of Lowell to recover the sum of $2,576 and interest alleged to be a legal tax for the year 1889 upon the defendant, as trustee, he being a resident and inhabitant of that city. Writ dated July 6, 1895.

At the trial in the Superior Court, before *Hardy,* J., the plaintiff introduced in evidence the charter of the Erie Telegraph and Telephone Company, a corporation organized under the laws of the State of New York, for which the defendant was alleged to be trustee. On May 1, 1889, that company had an office and place of business in Lowell, and the defendant was one of its ten directors, seven of them, including the defendant, being residents of Lowell. The plaintiff offered evidence tending to show,

that, before proceeding to make the assessments for the year 1889, the assessors, in the latter part of April of that year, gave notice thereof to the inhabitants of the city of Lowell by posting in public places in the several wards of the city notifications that they were about to assess taxes, and requiring the inhabitants to bring in to the assessors, on or before June 15 of that year, true lists of all their polls and personal estates not exempt from taxation.

The record book of the board of assessors was introduced in evidence, showing that, on March 29, 1889, " George S. Cheney and Abel Wheeler of the board were appointed a committee to inquire into telephone matters for taxation. H. C. Dexter and J. E. Maguire, F. N. Edgell, appointed a committee to visit manufacturing cities and make inquiries as to the manner of corporation taxes in such cities."

A further record showed that on April 11, 1889, " The committee appointed to look after telephone matters advised that a suitable person be sent to Albany to look up matters in that direction, and said committee was authorized to use their discretion in the matter." A further record showed, that on July 25, 1889, it was " Voted to tax the directors of the Erie Telephone Company, as trustees, $160,000 each." It appeared, that this was the entire contents of the record relating to the levy of the tax in this case, and that the records of the assessors failed to show any report of the committee to inquire into telephone stocks.

It was agreed that the defendant did not bring in any list of property as trustee until February 24, 1890, when he signed, swore to and delivered to the assessors the following list, filing with the assessors at the same time a petition for abatement of the tax assessed to him as trustee : " Upon the first day of May, A. D. 1889, there stood, as he is informed, in the name of the undersigned, Charles J. Glidden, a resident of said city, on Middlesex Street, Precinct 3, Ward 4 thereof, as trustee for the Erie Telegraph and Telephone Company, a corporation under the laws of the State of New York, two thousand (2000) shares of the capital stock of the Southwestern Telegraph and Telephone Company, a corporation under the laws of the State of New York, and doing business in the States of Arkansas

and Texas; also one hundred and forty-nine (149) shares of the capital stock of the Cleveland Telephone Company, a corporation under the laws of the State of Ohio, and doing business in the said State of Ohio; and also, thirteen hundred (1300) shares of the capital stock of the Northwestern Telephone Exchange Company, a corporation under the laws of the State of Minnesota and doing business in the said State of Minnesota; but the undersigned, as said trustee, never had in his possession, control or management a certificate of stock or any of them in any of said corporations, nor has he ever had any of the income, profits, or proceeds arising from the same, either upon the first day of May or subsequent thereto, and neither upon the first day of May nor at any time previous or subsequent thereto, could have delivered to any person any of said stock, nor could have transferred or conveyed the same, or any of the income or profits arising therefrom. The above is all the personal property in the name of the undersigned as trustee on the said first day of May, and of this he is not legally the owner and is not liable to be taxed therefor."

On the petition for abatement above mentioned there were a number of hearings before the assessors. There was no evidence that the defendant brought in to the assessors any list of his individual property liable to taxation in the year 1889. The personal property taxed to the defendant as trustee and valued at $160,000 was described in the valuation list of the assessors, as follows: " Money, Income, Stocks, Bonds, and all other taxable securities taxable under the laws of this Commonwealth."

There were many exceptions to the exclusion of evidence offered by the defendant, to show, among other things, that the shares held by the defendant as trustee were of no value at the time of assessment. At the close of the evidence, the defendant asked for rulings that the action could not be maintained, and that it was barred by the statute of limitations and for many other rulings, thirty-eight in all, which were refused by the judge, the defendant excepting. The judge also refused to put certain questions to the jury, and the defendant excepted. The ground of the decision of the court has rendered most of the exceptions immaterial, and those that are material appear in the opinion.

The judge ruled : First. That the way and manner in which the description of the property had been set forth in the valuation list was a proper form in which it should be set forth. Second. That the statute of limitations had not run in favor of the defendant in this cause; and Third. That the only questions to be determined by the jury were, (*a*) whether the assessors ascertained as nearly as possible the particulars of the personal estate held by the defendant as trustee for the purposes of making this assessment, and (*b*) whether having obtained those particulars they estimated such property at its just value according to their best information and belief.

The jury found for the plaintiff in the sum of $4,229.92; and the defendant alleged exceptions.

*H. N. Shepard*, (*J. C. Burke* with him,) for the defendant.

*G. F. Richardson & F. W. Qua*, for the plaintiff.

HAMMOND, J. In this action the plaintiff as collector seeks to recover a tax assessed upon the defendant as trustee. It is contended by the defendant that, even if he was a trustee, such was the nature and location of the property and his relation to it that he was not taxable as such. The first question is whether this ground of the defence is open to the defendant in this action. The assessment and collection of taxes is regulated by statute. The assessors are public officers, and, while their duties are of a quasi judicial nature, their jurisdiction is limited, based sometimes upon the residence of the person assessed, or of some other person interested in the property, and sometimes upon the situation of the property. Without reciting in detail the statutes, it is sufficient to say that they provide that each person may bring in a sworn list of the personal property for which he in any capacity should be taxed, and this list is to be received by the assessors as true (except as to valuation) unless he, being required thereto by the assessors, refuses to answer on oath all necessary inquiries as to the nature and amount of his property. In case a person does not bring in a list the assessors shall ascertain as nearly as possible his taxable property, and " make an estimate thereof at its just value, according to their best information and belief," and " such estimate . . . shall be conclusive" except in certain cases not here material. Pub. Sts. c. 11, §§ 38–42. Any person aggrieved by an assessment may apply for an

abatement to the assessors, and, by appeal from their decision, to the county commissioners, or Superior Court, and on questions of law may reach this court, but no person shall have an abatement unless he files a list as above provided. Pub. Sts. c. 11, §§ 69–72. St. 1890, c. 127.

This plain, adequate and complete remedy for the correction of errors, whether of law or fact, is the only one provided by our statutes; and when the assessors are acting within their jurisdiction it must be regarded as exclusive in accordance with the well known rule that, " when a new right is created by statute, which at the same time provides a remedy for any infringement of it, that remedy must be pursued." *Osborn* v. *Danvers*, 6 Pick. 98, 100.

But, when the assessors are acting outside their jurisdiction, their acts are absolutely void. Where, for instance, the tax ordered is illegal because for a purpose not authorized by law, the assessment is void. The assessors have no jurisdiction. *Bangs* v. *Snow*, 1 Mass. 181. *Stetson* v. *Kempton*, 13 Mass. 272.

So where the assessment is upon a non-resident for personal property claimed by reason of its location in the town where the assessment is made to be taxable there, if it appears that the non-resident had no personal property assessable there the tax is wholly void, even if he had taxable real estate there. The reason is that, the person assessed not being resident in the town where the assessment is made and so not within the jurisdiction of the assessors, their right to assess him, so far as respects personal property, depends upon whether he has assessable personal property in the town. Unless he has such property there their acts are void for want of jurisdiction.

*Preston* v. *Boston*, 12 Pick. 7, a leading case, affords a good illustration of the application of this principle. The plaintiff being domiciled in Medford and having taxable personal estate, but having in Boston only real estate, was taxed in the latter place for both real and personal estate. He paid the taxes, and in an action to recover back the money it was held that while the real estate tax was valid the personal estate tax was invalid, and he recovered that back. The ground of the decision as to the personal property was that the plaintiff was not an inhabitant

of Boston, and so not liable to be taxed there at all on his personal property. As to that the assessors had no jurisdiction. In giving the opinion, Shaw, C. J., said : " One not liable, not domiciled, is not within the jurisdiction of the assessors, any more than a stranger from another State, who should happen to be lodging at a hotel, when the tax was assessed. The whole proceeding therefore, in regard to him, is without authority *ab initio.*" See also *Sumner* v. *Dorchester Parish,* 4 Pick. 361; *Inglee* v. *Bosworth,* 5 Pick. 498. Where, however, there is personal property of a non-resident which is taxable in the town where it is situated, the assessors of that town have jurisdiction, and consequently the only remedy of the person aggrieved is by abatement. *Little* v. *Greenleaf,* 7 Mass. 236. *Gray* v. *Kettell,* 12 Mass. 161.

Again, where a corporation owns real and personal estate and is taxable for the real and not for the personal estate, a tax upon the personal estate is absolutely void, *Amesbury Woollen & Cotton Manuf. Co.* v. *Amesbury,* 17 Mass. 461, *Boston Water Power Co.* v. *Boston,* 9 Met. 199, *Salem Iron Factory Co.* v. *Danvers,* 10 Mass. 514, the ground of the decision in these cases being that the corporation is not an inhabitant of the town for purposes of taxation. And the same principle is applied where the assessors undertake to assess a tax in excess of what is called for, or is allowed by law. *Joyner* v. *Egremont School District,* 3 Cush. 567. *Cone* v. *Forest,* 126 Mass. 97.

These and similar cases all proceed upon the principle that an assessment made by assessors who have no jurisdiction is not the assessment authorized by statute. It is no assessment at all and is absolutely void. As it is not the statutory proceeding the statutory remedy is not exclusive.

Such an assessment therefore can be attacked collaterally in an action of tort against the assessors where such an action will lie, or in an action against the town to recover back the money paid, or in defence to an action by the collector. These general remedies are not for those who are aggrieved by assessors acting within their jurisdiction, but are allowable to redress wrongs inflicted by persons who pretend to be assessors but who are not such because acting without jurisdiction.

Where, however, the tax is for a legal purpose and the assess-

ors have jurisdiction, whether it is based upon the fact that the person assessed be an inhabitant of the town where the assessment is made or upon the situation of the property or any other jurisdictional fact shown to exist, and they proceed essentially in accordance with the statutes, their decision as to the nature and amount of the taxable property of a person who has not brought in a list is valid. It cannot be attacked in any collateral proceeding, but must stand until changed in a proceeding under the statute for abatement. There are sound and obvious reasons for this rule, which are set forth at some length in *Lincoln* v. *Worcester*, 8 Cush. 55, 65, 66.

Among the numerous cases where the doctrines above stated have been applied by this court, see in addition to those already cited, *Bates* v. *Boston*, 5 Cush. 93; *Howe* v. *Boston*, 7 Cush. 273; *Bourne* v. *Boston*, 2 Gray, 494; *Ingram* v. *Cowles*, 150 Mass. 155; *Carleton* v. *Ashburnham*, 102 Mass. 348.

The defendant in the case at bar was an inhabitant of Lowell, and he had taxable personal property there. The only list he brought to the assessors was that of February 24, 1890, several months after the warrant had been committed to the collector, and even that purported to relate only to the property held by him as trustee. Being an inhabitant of the city and having taxable personal property there, he was within the jurisdiction of the assessors. While the tax was in part against him as an individual and in part as trustee, still it was all a personal tax. If valid, the collector could sue, distrain or arrest as well for the one part as for the other. The assessors called for a sworn list of taxable personal property. Such a list should contain all such property held by a person either as an individual or in a representative capacity. In the absence of such a list from the defendant the assessors proceeded to consider his case. They had before them not only the question whether he was taxable for any personal property held by him as an individual but also whether he was taxable for any such property held by him in a representative capacity. The whole case was before them and it was their duty to investigate and decide it. That duty they performed, and they decided that he had taxable personal property not only as an individual but as a trustee, and they made an estimate thereof. The jury have found that in performing this work they "ascertained as nearly

as possible the particulars of the personal estate held by the defendant as trustee, for the purposes of making this assessment," and that " having obtained those particulars they estimated such property at its just value according to their best information and belief." We are of opinion that the evidence fully justifies the finding. Indeed, the assessors seem to have been impressed with the importance and magnitude of the question, and to have made unusual efforts to get at the facts both as to the nature and value of the property. It is true that a tax upon real estate is separate and distinct from that on personal estate, *Preston* v. *Boston, ubi supra,* but we do not think the statutes intended that there should be a division of the tax on personal estate, so far as concerns the remedy for a person aggrieved.

We are not unmindful of the case of *Dorr* v. *Boston,* 6 Gray, 131. In that case it appeared that the plaintiff was a woman and had no taxable property in this State. As to whether the case of *Preston* v. *Boston, ubi supra,* was rightly interpreted in that case, see *Lincoln* v. *Worcester,* 8 Cush. 55, 62, and *Bates* v. *Boston,* 5 Cush. 93, 97.

So far therefore as respects the nature and value of the property and his relation to it, the grievance of the defendant, if any, is one of over valuation, and his only remedy is by the statutory proceeding for abatement. He cannot avail himself of this portion of his defence in this action. *Pierce* v. *Eddy,* 152 Mass. 594, 596.

The objection that the description of the property is not sufficient is not tenable. *Noyes* v. *Hale,* 137 Mass. 266, 270, 271.

Nor is the action barred by the statute of limitations. In the early history of the Commonwealth the collector of taxes, so far as respected a tax on personal property, could collect only by demand, distress or arrest; St. 1785, c. 50, § 6 ; but soon after the adoption of the Constitution he was authorized in certain cases of the removal, death or marriage of a delinquent taxpayer, to bring an action at law ; St. 1788, c. 4 ; and this remedy has been extended from time to time to other cases until finally it is applicable generally to all taxes upon real or personal property. St. 1842, c. 34; 1848, c. 235; 1859, c. 171. Gen. Sts. c. 12, §§ 18, 19, 20. St. 1878, c. 189, § 4. Pub. Sts. c. 12, §§ 21, 22, 23. St. 1889, c. 334, § 7. At the date of the writ in this case

the statute last cited provided that the action could be brought by the collector in his own name if the tax remained unpaid for three months after it was committed to him. He has no right of action except that given by the statute. *Crapo* v. *Stetson*, 8 Met. 393. *Ricker* v. *Brooks*, 155 Mass. 400. The tax in question was assessed as of May 1, 1889, and the warrant for its collection was committed to the collector September 10, 1889. The statute took effect May 14, 1889. The cause of action therefore did not arise until three months after September 10, 1889, or until December 10, 1889. The action was brought July 6, 1895, a time well within the six years from the time the cause of action accrued.

The defendant's brief contains an elaborate argument in support of the proposition that our statutes relating to the assessment of taxes are unconstitutional because they do not give the party assessed an opportunity to be heard. But he does have full opportunity to be heard before the assessing board, if he desires it, before the demand becomes conclusively established against him, and that is enough. Cooley, Taxation, 361, 363, 364, and cases cited.

There was ample evidence of a demand upon which to base interest, and in the absence of anything to the contrary in the brief of the defendant we consider the exception on that point waived.

Without going over the exceptions further in detail, it is sufficient to say that we see no error of law made by the presiding judge at the trial.

*Exceptions overruled.*