### In re COCHRANE & HARPER SECURITIES CO. OF BOSTON.

District Court, D. Massachusetts. August 3, 1928.

### No. 39727.

1. Bankruptcy ⬅59—Debtor need not actively co-operate with attaching creditor to make his failure to obtain dissolution of attachment an "act of bankruptcy"; "preference" (Bankruptcy Act, as amended In 1926 [11 USCA § 21]).

Under provision of the 1926 amendment to the Bankruptcy Act (11 USCA § 21), alleged bankrupt need not co-operate with attaching creditor in legal proceedings to make his failure to obtain dissolution of attachment an "act of bankruptcy," since such failure results in giving preference to the attaching creditor, though preference was not actively intended.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Act of Bankruptcy; Preference.]

2. Bankruptcy ⬅3—Statute making debtor's failure to obtain dissolution of attachment an "act of bankruptcy" is not unconstitutional (Bankruptcy Act, as amended in 1926 [11 USCA § 21]).

Provision of 1926 amendment to Bankruptcy Act (11 USCA § 21), making debtor's failure to obtain dissolution of attachment "act of bankruptcy," held not unconstitutional.

**3. Bankruptcy ⟨key⟩72(1)—Corporation taking over securities of dissolved partnership in financial difficulties for liquidation held subject to bankruptcy; "business corporation" (Bankruptcy Act, 11 USCA § 22).**

Where partnership in financial difficulties dissolved and transferred its securities to corporation organized by it, under agreement with its principal creditors which provided that partners were to give corporation a percentage of the earnings from any business in which they might engage, and that corporation would liquidate the assets and guarantee all debts of creditors in consideration of their refraining from suing old firm, *held*, under Bankruptcy Act (11 USCA § 22), that corporation was subject to bankruptcy as a "business corporation," as against contention that it was merely assignee for benefit of creditors.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Business Corporation.]

**4. Bankruptcy ⟨key⟩76(3)—Objection that petitioning creditors were estopped to bring petition held overcome by joining other creditors, to whom objection was not applicable.**

Objection that creditors petitioning for involuntary adjudication in bankruptcy were estopped to bring such petition was cured by the joining of other creditors to whom such objection was not applicable.

---

In Bankruptcy. In the matter of the Cochrane & Harper Securities Company of Boston, alleged bankrupt. On report of referee, advising involuntary adjudication, opposed by the United States Trust Company, objecting creditor. Adjudication ordered.

Harvey H. Bundy, Henry Parkman, Jr., and Putnam, Bell, Dutch & Santry, all of Boston, Mass., for petitioners.

Sherman L. Whipple and Martin Witte, both of Boston, Mass., for United States Trust Co., of Johnstown, Pa.

LOWELL, District Judge. An involuntary petition in bankruptcy was filed against the Cochrane & Harper Securities Company, a corporation, on December 23, 1927. The corporation did not contest its adjudication, but an objecting creditor, the United States Trust Company of Johnstown, Pa., insisted that the corporation was not amenable to bankruptcy. The case was referred to Mr. Referee Lincoln, who reported, advising that an adjudication follow; the present proceeding is a hearing on this report.

The firm of Cochrane, Harper & Co. were dealing in securities, largely of the New England Oil Corporation. In February, 1923, their affairs became embarrassed, and an agreement was entered into between the principal creditors and the firm. Pursuant to this agreement the Cochrane & Harper Securities Company was incorporated under the laws of Massachusetts. The arrangement was that the firm of Cochrane, Harper & Co. should be dissolved, and turn over to the corporation all of its securities, which it did. The members of the firm were to give to the corporation from time to time a certain percentage of any earnings from any business in which they might engage. The company was to liquidate the assets. It was thought at the time that by this manner of procedure the result to creditors would be much more favorable than if proceedings in bankruptcy were taken. The agreement provided that Cochrane, Harper & Co. should be relieved from the liability on their debts, and also provided that the creditors who agreed to the arrangement should not sue the old firm. The company guaranteed all the debts of the creditors; there was a provision that no suit on this guaranty should be instituted before March 1, 1924. Among the creditors who agreed to this arrangement was the Farmers' Guarantee & Mortgage Company of Johnstown, Pa., to whose rights the present objecting creditor has succeeded. The corporation was formed and proceeded to function, but its affairs did not turn out favorably, and $74,000 was all that could be realized from the assets which were turned over to it. On September 7, 1927, the United States Trust Company, the present objecting creditor, brought suit against the company, and attached by means of trustee process this sum of $74,000 in one of the Boston banks.

This case raises several questions, which deserve careful consideration, not so much for any difficulty in their solution, as for their able and ingenious presentation by learned counsel. The circumstances are such as to show in an interesting way the evolution of the present Bankruptcy Act, from its passage in 1898 down through its latest amendments, in 1926 (11 USCA). The decision which I am about to give would have been entirely different in 1909, and partly different in 1911; the law having been progressively changed, first in 1910 and again in 1926. Before 1910, the corporation would not have been amenable to the act; before 1926, there would have been no act of bankruptcy.

[1] It is insisted by the objecting creditor that no act of bankruptcy was committed under the clause of the Bankruptcy Act contained in the amendment of 1926 relating to suffering or permitting an attachment, because the bankrupt did not co-operate with the attaching creditor in the legal proceedings. No authority to this effect has been cited, but the argument is that it would be unfair, and indeed unconstitutional, to pro--

vide that a mere undissolved attachment should be an act of bankruptcy. There seems to be no question, however, under the rule laid down in Wilson Bros. v. Nelson, 183 U. S. 191, 22 S. Ct. 74, 46 L. Ed. 147, that the bankrupt need not actively co-operate to render it an act of bankruptcy. That case related to another section of the statute, but the words of the clause now in issue are similar, and the principle is the same. See In re Maryanov (D. C.) 20 F.(2d) 939.

The error in the argument of the objecting creditor arises from the lingering idea, hard to get rid of on account of the ordinary meaning of the word, that a preference always connotes an intent or desire to give an advantage to one creditor over another. This has not been the law under the present Bankruptcy Act. Collier (13th Ed.) p. 1245. But old ideas die hard. It is true that the new act of bankruptcy was passed to prevent a creditor getting an advantage by a preference (which would be voidable, if the petition were filed in time) ripening into a right of property, unassailable by a trustee in bankruptcy if the debtor is adjudicated on a petition filed too late to upset it. See In re Maryanov, ubi supra. This situation was brought about by the decision of the United States Supreme Court in Citizens' Banking Co. v. Ravenna Nat. Bank, 234 U. S. 360, 34 S. Ct. 806, 58 L. Ed. 1352. But there is no requirement that a preference be intended, nor even that one be effected, though that is the result.

As to the hardship of providing that an undissolved attachment should be an act of bankruptcy, it is no harsher than the provisions of many insolvency laws. See Lowell, Bankruptcy, § 40.

[2] The contention that the new act of bankruptcy is unconstitutional is met by the fact that it is a kind of provision not uncommon in bankruptcy acts—that the existence of certain facts showing an insolvent condition should be taken as conclusive evidence of bankruptcy, and therefore be made an act of bankruptcy. Lowell, Bankruptcy, loc. cit. The argument as to unconstitutionality is unsound. The fourth act of bankruptcy is very similar, though not in phraseology, to one clause of the insolvent law of Massachusetts which was passed in 1838 (St. 1838, c. 163), and has often been construed without a hint of its illegality. Bates v. Chapin, 8 Cush. (Mass.) 99; Taunton National Bank v. Stetson, 145 Mass. 366, 14 N. E. 349; Binney v. Globe National Bank, 150 Mass. 574, 23 N. E. 380, 6 L. R. A. 379; Marble v. Jamesfield Mfg. Co., 163 Mass. 171, 39 N. E. 998.

[3] It is argued that the company is not subject to bankruptcy, because it is really merely an assignee for the benefit of creditors, though in form a business corporation. This argument is unsound. Missouri-American Electric Co. v. Hamilton-Brown Shoe Co. (C. C. A.) 165 F. 283.

The only way in which the company resembles an assignee for creditors is that the final result of its operation will be the distribution of the fund among the creditors. It has many points of difference. In the first place, the debts of the creditors are guaranteed; in the second place, the individual partners were to contribute from time to time from their earnings in other lines of business; in the third place, it was contemplated that there would have to be business operations of some amount in order to liquidate the assets; in the fourth place, the surplus, if there had been any, would not have gone to the debtor; and finally, there was no relation of trust, as there is in an assignment for benefit of creditors.

There is no doubt, in my opinion, that the company is subject to the Bankruptcy Act as a business corporation. The cases cited by the objecting creditor antedate the amendment of 1910. The provision as to the bankruptcy of corporations was entirely changed in 1910, so that decisions of courts before that time are no longer of authority.

[4] It is also objected that the petitioning creditors were estopped to bring a petition. As pointed out in the learned report of the master, the objection, if it were a valid one, has been cured by the joining of other creditors to whom it is not applicable.

Adjudication ordered.