Pettinueul, J.
Action of contract by the collector of taxes for the city of Newburyport against an owner of real estate. The assessors of the city, by a warrant to the plaintiff dated, July 11, 1938, committed to him the assessment of taxes against the defendant for the year 1938. On Sep *284 tember 30, 1938, the assessors issued a special warrant to the plaintiff as follows:
“September 30,1938
To Charles E. Houghton, Collector of Taxes Relative to the real estate tax of the year 1938, assessed to Depositors Realty Corporation of Boston in the sum of three thousand four hundred seventy six dollars no cents and committed to you in our list and warrant under date of July 11,1938, you are hereby notified that in the opinion of the assessors the credit of this person is doubtful.
You are therefore directed, pursuant to the provisions of General Laws (Ter. Ed.) Chapter 60, Section 19, to collect forthwith, WITHOUT DEMAND OR NOTICE, in accordance with the provisions of said Section 19, the above described tax, the said collection to be made in all other respects in accordance with the above mentioned list and warrant.”
On the same day, September 30, 1938, the plaintiff began this action.
The defendant’s contentions are twofold, that the action was prematurely brought; and that it is. not liable for the tax because the city, in 1935, acquired the real estate in question, at a tax sale,' there never' having been redemption of the real estate, and there being pending, when this action was brought, a petition filed by the city to foreclose the tax lien' acquired by the said sale;'
Considering first, the effect of the 1935 tax sale and the city’s petition to foreclose, it-is difficult to see wherein the defendant has in those matters a defence. For a great many years, tax collectors have had authority, under conditions specified by the statute, to collect taxes by actions at law, Harrington v. Glidden, 179 Mass. 486, at 494. The Supreme Judicial Court has repeated more than once that the owner of the land is primarily liable for the tax and that the lien on the land is merely security for payment. *285 Richardson v. Boston, 148 Mass. 508, at 512; Webber Lumber Co. v. Shaw, 189 Mass. 366; Dunham v. Lowell, 200 Mass. 468, at 470; Massachusetts Hospital Life Ins. Co. v. Shulman, Mass. Adv. Sh. (1938) 119, at 121.
The present statute regarding collection of taxes assessed after a tax sale (G. L. (Ter. Ed.) C. 60, §61), came into effect in 1919, after the Supreme Judicial Court had decided in the case of Chadwick v. Cambridge, 230 Mass. 580, that a tax sale conferred a title paramount to that derived from an earlier sale. In Landers v. Boston, 267 Mass. 17, interpreting the 1919 statute, the Supreme Judicial Court ruled that, after a tax sale, assessment of taxes should be made against the owner as customarily, but that there should be no second sale, all the unpaid assessments being collected together as one item, the entire amount being secured by the one sale. A subsequent sale for later taxes, being contrary to G. L. (Ter. Ed.) C. 60, §61, is invalid, Boston v. Jenney, 282 Mass, 168, at 170.
The 1919 statute and the cases interpreting it, deal only with tax sales and their relation to the title. There is nothing in that statute, or in the decisions which affects the right to collect by action which existed before 1919, and apparently still exists. Landers v. Boston, 267 Mass. 17, at 23, 24. Thayer v. Shorey, 287 Mass. 76, at 81. Massachusetts Hospital Life Ins. Co. v. Shulman, Mass. Adv. Sh. (1938) 119, at 121. In one sense, there is no need of any change in that part of the law, as the taxpayer has by statute two years in which to occupy and enjoy the real estate before the tax lien is enforceable, and there is no urgent reason to grant him personal immunity from tax liability during that period.
We are, therefore, of opinion that the collection of unpaid taxes by an action at law is still an available remedy in cases such as this.
*286 That remedy, however, is of statutory origin, and the statute must be exactly followed. Crapo v. Stetson, 8 Met. 393, at 394. The collector has no right of action except that given by the statute. Harrington v. Glidden, 170 Mass. 486, at 495. The declaration must set forth in details his authority and the fact that the taxes are unpaid. Richer v. Brooks, 155 Mass. 400, at 402.
In this case, the plaintiff relies upon the special warrant dated, September 30,1938, instructing him to proceed forthwith in accordance with G. L. (Ter. Ed.) C. 60, §19. That section authorizes him “to compel payment by distress or imprisonment”. “Distress” as used in that section has a long established definite meaning. A tax warrant, authorizing the collector to make a distress is in the nature of an execution. Wilson v. Shearer, 9 Met. 504, at 506. His right under it is to distrain personal property, G. L. (Ter. Ed.) C. 60, §16. It is the “taking of a personal chattel out of the possession of a wrong-doer into the custody of the party injured to procure satisfaction from the wrong’-doer”. Bouvier, 3d Rev., Vol. 1, 892. In England, it was available for landlords in the collection of rent but it was early held in Massachusetts that there is no such right here. Wait, Appellant, 7 Pick. 100, at 105. For cases which discuss distress and its modern successor, attachment, see Bond v. Ward, 7 Mass. 123, at 129; Potter v. Hall, 3 Pick. 368, at 372, 373; Wilson v. Shearer, 9 Met. 504, at 506, 507; Barnard v. Graves, 13 Met. 85, at 93-96; Mack v. Parks, 8 Gray 517, at 520, 521. See, also, Dunham v. Lowell, 200 Mass. 468, at 470.
The special warrant of the assessors gave the plaintiff no> authority to begin an action. That right of the collector does not depend upon any action by the assessors'; it arises under G. L. (Ter. Ed.) O. 60, §35, which authorizes the collector to bring an action, “If a tax remains unpaid for three *287 months after commitment to the collector”. As the assessment in this case was committed to the plaintiff, July 11, 1938, and the action was begun September 30,1938, the taxes were not “unpaid for three months” when the action was begun. The plaintiff, therefore, was not within the statute and had no authority, on September 30, 1938, to bring the action. The ruling of the trial judge that the action was prematurely begun was correct and the finding for the defendant followed as matter of law. As the action could not succeed in any event, the disposition of the rulings requested became immaterial and there is nothing to be gained by discussing them in detail.
No prejudicial error appearing, the report is to be dismissed.