DePauw *v.* The City of New Albany et al.

------------◆◆◆------------

DePauw *v.* The City of New Albany *et al.*

Municipal Taxation—City of New Albany.—Under the act of *March* 11, 1861, it is competent for cities, organized under the general municipal law of the State, to assess and collect taxes for the year 1861, upon stock in any of the free banks of the State, located in such cities, whether owned by persons residing in such cities or elsewhere.

Taxation—Constitutional Law.—The right of the State to impose taxes upon the citizen, and the duty of the latter to pay the same,

do not rest upon contract, but are limited only by the fundamental law of the State.

SAME.—A later law, embracing the subject of a former one, by implication repeals the former so far as they conflict with each other.

APPEAL from the *Floyd* Circuit Court.

HANNA, J.—It is averred, that from *January* 1st, 1861, hitherto, *DePauw* was the owner of 800 shares in the capital stock of the Bank of *Salem*, a free bank, located in *New Albany*, *Floyd* county, and that he was and is a resident of *Washington* county; that without authority of law, and wrongfully, the defendants caused said shares of stock to be assessed and placed upon the tax duplicate of said city, for municipal purposes, for the year 1861; that the treasurer threatens to levy and sell, &c. A demurrer was sustained to the complaint. The city was organized under the act of *March* 9, 1857. Acts 1857, p. 42. The city could not have levied this tax, in view of the circumstances, under that act; *City of Evansville* v. *Hall*, 14 Ind. 27; *Conwell* v. *Connersville*, 15 *id.* 150.

The question is, whether, after the taking effect of the act of *March* 11, 1861, amendatory thereof, Acts 1861, p. 34, the right existed in the city to assess this property for that year. The latter act so amended the former, in view of said decisions of this Court, we suppose, as to authorize the taxation of the stocks of free banks, insurance companies, &c., doing business in such cities, whether the shareholder resides within the city or elsewhere. The act declared that an emergency existed, and that it should take effect from and after its passage. It was approved *March* 11, 1861. The twenty-first section, among other things, provides, in reference to the duties of the assessor, that he shall have the same powers, and be subject to the same provisions of the same law, as the assessor of real and personal property for State and county pur-

poses." 1. G. & H. 221. It is urged, that, as this property was not, under the circumstances, taxable in the city of *New Albany* on the 1st of *January*, 1861, a law passed afterwards could not put that burden upon it for that year.

It appears to us that exacting taxes from the citizen by the governing power, and the obligation of the citizen to respond to such exaction, is not founded in contract. Upon what principle, then, would the citizen be exempt from responding to a demand at any given time for such taxes? The legislative power governs the question of the amount, and the manner in which the citizen shall contribute to the public demands, subject only to fundamental laws. It is apparent that it was the intention that the statute in question should operate in the current year; if not, why the necessity or use of the emergency clause in the act.

But, it is said, that by the laws in force up to the 11th of *March*, 1861, the assessment would be made to the appellant in the county where he lived, and if, after that, it could be made in the place where the branch was located, he would be thus doubly taxed. We do not perceive there is anything in this, for, in view of the constitutional provision as to taxation, we suppose the latest law, embracing, as it does in its terms, the subject of the former law, by implication repeals that law so far as there may be any antagonism.

*Per Curiam.*—The judgment is affirmed, with costs.

*R. & H. Crawford*, for the appellant.

*Alexander Dowling*, for the appellees.