ALBERT H. WAITE, trustee, *vs.* WORCESTER BREWING COMPANY & others.   CITY OF WORCESTER, intervenor.

Worcester.    January 15, 1900. — June 5, 1900.

Present: HOLMES, C. J., MORTON, LATHROP, BARKER, & HAMMOND, JJ.

*Statute — Claims preferred in Settlements by Receivers — Intervention by City —*
*Taxes — Water Rates.*

This case is governed by St. 1897, c. 400, which provides that "in the settlement of estates by receivers the following claims shall be entitled to priority and to be first paid in full in their order: First. All . . . taxes assessed by . . . any . . . city"; and *it seems* that water rates are covered by the statute.

BILL IN EQUITY, by the trustee of a trust deed made by the Worcester Brewing Company, praying for the appointment of a receiver, and the sale of the property by the court.   A receiver was appointed, and all the property, real and personal, was sold by a commissioner under a decree of the court, being subject to mortgages and attachments.   This sale was confirmed on April 17, 1899, and the fund directed to be held by the commissioner.

"It is decreed that the priorities of mortgages and of attachments upon the property aforesaid, as of the filing of the bill of complaint herein, shall be maintained, and that in the distribution of the fund resulting from a sale aforesaid, such priorities shall be recognized as binding on the fund in the same manner and way and to the same extent as they were binding on said property."

On June 20, 1899, the city of Worcester intervened, praying that the taxes assessed on the real and personal property of the company be paid as preferred claims out of any assets in the hands of the receiver.

Hearing before *Hardy*, J., who entered a decree "that the taxes upon the real and personal estate of said Worcester Brewing Company for the year eighteen hundred and ninety-eight amounting with interest to the date hereof to twenty-two hundred eighty-one and $\frac{58}{100}$ dollars be forthwith paid as preferred

claims to the said City of Worcester, or its tax collector, out of such assets of the Worcester Brewing Company as are in the hands of the receiver. And be it further ordered, that the claim of said City of Worcester for payment of its claim for water rates be disallowed." The Produce Exchange Company and the Cincinnati Cooperage Company, two other intervenors, appealed. The other material facts appear in the opinion.

*W. S. B. Hopkins & F. B. Smith,* ( *W. S. B. Hopkins, Jr.* with them,) for the defendants.

*A. P. Rugg & E. I. Morgan,* for the city of Worcester.

MORTON, J. Assuming without deciding that the defendants, the exchange company and the cooperage company, have a *locus standi,* we do not see why the whole matter is not disposed of by St. 1897, c. 400, which took effect in April, 1897, and which expressly provides that " in the settlement of estates by receivers the following claims shall be entitled to priority and to be first paid in full in their order : First. All debts due to the United States, and all debts due to and taxes assessed by this Commonwealth, or by any county, city or town therein."

It is alleged in the petition of the city of Worcester that the property of the brewing company in the hands of the receivers was duly assessed in 1898 for taxes amounting at the date of the filing of the petition for leave to intervene to $2,276.10, and that there was also then due the city for water furnished said company $394.62. In the report of the presiding justice it is said that all facts alleged in the petition were admitted at the hearing to be true, and that it was stated by the receiver " and agreed to by all parties that there were much more than enough funds in his hands to pay the claims set out " in the intervening petition of the city of Worcester. A question was raised at the argument before us, and appears upon the brief of the defendants, whether the funds were in the hands of the receiver or were in the hands of a commissioner appointed by the court to make sale of the property of the brewing company. There was also a question raised by the defendants, likewise appearing on their brief, as to the decree under which the commissioner was authorized to make sale. But afterwards it was agreed in writing between the defendants and the city of Worcester that the case should " be submitted to the Supreme Judicial

Court upon the report and briefs heretofore filed." As we understand the position of the case, therefore, the question is whether upon the facts stated in the report of the presiding justice and in the intervening petition of the city of Worcester the decree was right.

We think that under the statute referred to the presiding justice was clearly right in ordering the taxes to be paid as a preferred claim.

The city has not appealed from the decree, and the question whether the water rates should also be allowed as a preferred claim is not therefore before us, though it would seem that they are covered by the statute.                    *Decree affirmed.*