GARRETT W. SCOLLARD *vs.* FRANCIS M. EDWARDS.

Suffolk.   November 21, 1906. — February 25, 1907.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Tax*, Collection.   *Assignment*, For benefit of creditors.   *Words*, "Assignee."

R. L. c. 13, § 33, in regard to the collection of taxes where the person assessed dies
or becomes insolvent, which provides that "the executor, administrator or as-
signee" upon the receipt of any money applicable to the payment of the tax
shall be liable for such tax after a demand, does not give a remedy against
the assignee under a common law assignment for the benefit of creditors even
if the assignor is in fact insolvent, the word "assignee" referring only to an
assignee in insolvency under the statutes of the Commonwealth.

CONTRACT under R. L. c. 13, § 33, by the collector of taxes
of the city of Boston for a tax amounting to $3,108 assessed
upon A. B. Turner and Brother, who on March 3, 1903, being
insolvent, assigned all their property and effects by an instru-
ment in writing to the defendant who was alleged to have
received sufficient money applicable to the payment of such
tax to pay the same.   Writ dated February 15, 1906.

In the Superior Court the case was submitted to *Hitchcock*, J.
upon an agreed statement of facts.   The judge found for the
defendant, and ruled as matter of law that upon the agreed
statement of facts the plaintiff was not entitled to recover.   He
ordered judgment for the defendant; and the plaintiff appealed.

*G. A. Flynn*, for the plaintiff.

*B. E. Eames*, for the defendant.

KNOWLTON, C. J.   The R. L. c. 13, § 33, is as follows : "If a
person assessed for a tax dies or becomes insolvent before the
payment thereof, or if a tax is assessed upon the estate of a
deceased person, the executor, administrator or assignee shall,
if a demand has been made upon him therefor, forthwith upon
receipt of any money applicable to the payment of the tax, pay
the same, and in default shall be personally liable therefor as for
his own tax."   The present suit is an action at law founded on
this statute.   The plaintiff avers in the declaration that he is
collector of taxes of the city of Boston, that a tax assessed

against A. B. Turner and Brother was committed to him for collection, .that a demand was made upon them for payment, that being insolvent they assigned to the defendant by an instrument in writing all their property for the benefit of their creditors, that the plaintiff demanded of the defendant payment of the tax, and that the defendant as assignee has received sufficient money applicable to the payment of the tax to pay the same, but has refused to pay it. As a conclusion from these facts the plaintiff says that the defendant now owes him the amount of the tax with interest thereon. Neither in the declaration nor in the argument has any claim been made except under the statute above quoted. Neither the city of Boston nor the plaintiff was a party to the assignment, and there is no averment on which an action at law can be maintained unless there is a liability by reason of this statute.

We are of opinion that the plaintiff has misconceived the purpose and meaning of the legislation. By the Rev. Sts. c. 8, § 15, after the death of a person who was taxed, the collector might maintain an action in his own name for the tax, in like manner as for his own debt. The St. 1848, c. 235, in terms extended this remedy so as to make it apply to a " tax lawfully assessed upon the personal estate of any deceased person." By the St. 1852, c. 234, it was provided that a tax assessed upon the personal estate of any deceased person, before the appointment of an administrator or executor, if otherwise legal, might be enforced in the same manner as if the executor or administrator had been appointed when the assessment was made. These acts were embodied in the Gen. Sts. c. 12, § 20, and in the Pub. Sts. c. 12, § 21, without material change. All this legislation was to provide a simple and easy way for the collection of a tax from the legal representatives of a deceased person, notwithstanding the complications that might arise from the laws relative to the settlement of the estates of such persons. When the statutes relating to the collection of taxes were codified in 1888, as appears in c. 390, § 25 of the statutes of that year, these provisions were extended so as to give the same rights against the assignee of an insolvent debtor as were given against the executor or administrator of a deceased person. This section applies only to a legal representative of a person who has deceased, or whose

property, by reason of insolvency, has passed into the hands of an assignee under the provisions of the statutes. It has no application to persons who have received a conveyance for the benefit of creditors under an assignment at common law, even if the assignor is in fact insolvent. It prescribes duties for official representatives of insolvent and deceased persons in the settlement of estates, and creates liabilities against them if they fail to perform these duties in such a way as to relieve tax collectors from the necessity of waiting a long time for the settlement of an estate. In 1888, when assignees in insolvency were first included with administrators and executors, and made subject to the same duties and liabilities, there was no United States bankruptcy act in force, and it was desirable to give collectors this right against assignees in insolvency. The words, "the executor, administrator or assignee," refer to the particular recognized successor of a person who is no longer in charge of his estate. There might be several persons who received different assignments of property from an insolvent person, each of whom would be an assignee in the sense that he was one to whom an assignment was made; but this statute refers to *the* assignee, as it does to *the.*administrator or executor. The rights of tax collectors against persons who receive assignments at common law from insolvent persons whose taxes are unpaid are sufficiently protected by the insolvency and bankruptcy acts, and otherwise. If it were the intention of the Legislature to give special rights against those who receive from an insolvent person an assignment of any property at common law, we should expect to find something plainly to indicate such a novel change in our system.

The plaintiff is not entitled to recover the tax under this declaration. Whether he could recover if the action were amended at law, or turned into a bill in equity, is not before us. Unless the plaintiff obtains leave from the Superior Court to make an amendment the entry must be,

*Judgment affirmed.*