CITY OF BOSTON & another *vs.* ALBION B. TURNER & others.

Suffolk. November 30, 1908. — February 26, 1909.

Present: KNOWLTON, C. J., MORTON, BRALEY, SHELDON, & RUGG, JJ.

*Tax,* Collection. *Assignment,* For benefit of creditors. *Bankruptcy.* *Trust.* *Equity Jurisdiction,* To enforce trust for payment of taxes. *Words,* "Creditor," "Tax," "Action."

In a common law assignment for the benefit of such creditors as execute it and accept its provisions, the word "creditors" implies a contractual obligation and does not include a city to which a tax is due nor the public officer to whom it is payable.

A common law assignment, for the benefit of such creditors as should execute it and accept its provisions, declared that one of the purposes of the trust was "to pay in full such claims against the parties of the first part [the assignors] as are entitled to a priority in law, including herein such claims as would be entitled to priority under the United States bankrupt law of 1898 as now in force." The collector of taxes of a city to which a tax was due from the assignors demanded from the assignee payment of the tax and brought a suit in equity to enforce such payment. *Held,* that the provision quoted above created a trust for the benefit of the plaintiff as collector of taxes, the tax being a preferred claim under § 64 a of the bankruptcy act of 1898, and that the demand upon the defendant and the bringing of the suit were sufficient acts of assent to the trust, to entitle the plaintiff to enforce the trust, if any acts of assent were required.

The right of a collector of taxes to maintain a suit in equity, in which the person assessed for a tax is made a defendant, to enforce a trust established for the purpose, among other things, of paying taxes, even if such right did not exist under general equity jurisdiction, would be and is conferred by R. L. c. 13, § 32, which gives a collector of taxes authority to "maintain an action in his own name against the person assessed" for a tax which has remained unpaid for three months after it has been committed to the collector, the word "action" being used in this section in a comprehensive sense which includes a suit in equity as well as an action at law.

Whether under the authority given to him by R. L. c. 13, § 32, a collector of taxes

in this Commonwealth can prove a claim for taxes in proceedings in bankruptcy, it here was not necessary to determine, but it was intimated that he probably has the right to do so.

In this Commonwealth the remedies given by statute to the collectors of taxes to enforce the payment of taxes are cumulative and no one remedy is exclusive, thus the proof, or attempted proof, of a claim for taxes in proceedings in bankruptcy is not a waiver of the right of the collector to maintain a suit in equity to enforce a trust for the payment of taxes contained in a common law assignment made by the bankrupt for the benefit of creditors.

BILL IN EQUITY, filed by leave of court on March 21, 1907, by amendment from an action at law brought by the collector of taxes of the city of Boston against Francis M. Edwards, the assignee of the firm of A. B. Turner and Brother, which was begun by a writ dated February 15, 1906, it being determined by this court in a decision reported in 194 Mass. 77, that the action at law could not be maintained under R. L. c. 13, § 33, with a suggestion in the last paragraph of the opinion that an amendment into a bill in equity might be allowed by the Superior Court.

In the Superior Court, such an amendment having been allowed, the suit in equity came on to be heard on a motion for a final decree, upon the bill, the answer and the amendment thereto and an agreed statement of facts, before *Richardson*, J., who, with the consent of the parties, reserved and reported it, with all questions of law therein, for determination by the full court, such decrees and orders to be entered as law and equity required.

*G. A. Flynn*, for the plaintiffs.

*W. C. Rice*, for the defendants Turner and Potter, submitted a brief.

*B. E. Eames*, for the defendant Edwards.

RUGG, J. This is a bill in equity brought by the city of Boston and its collector of taxes against Albion B. Turner and Albert B. Potter, formerly copartners, and their common law assignee, Francis M. Edwards, to recover the amount of a tax assessed upon the copartnership property for the year 1902. On March 3, 1903, the copartners executed a common law assignment for the benefit of their creditors to the defendant Edwards. This assignment recited that it was executed by the defendants, Turner and Potter, as copartners, parties of the first part, Francis M. Edwards as party of the second part, and "the several persons, firms, and corporations, creditors of said Albion B. Turner and Albert B. Potter, as copartners or as individuals who shall

execute these presents," who were designated as parties of the third part. All the individual and firm property of the co-partners was conveyed to Edwards in trust. The second purpose of the trust, as expressed in the instrument, was "to pay in full such claims against the parties of the first part as are entitled to a priority by law, including herein such claims as would be entitled to priority under the United States bankrupt law of 1898, as now in force." A further provision of the instrument was that "The individuals, firms and corporations, creditors of the parties of the first part, who execute these presents, accept this conveyance in full payment, satisfaction, and discharge of all and singular their debts, claims, and demands, actions and causes of actions against the parties of the first part."

Neither the city of Boston nor its collector of taxes became a party to this instrument by execution of it. On November 10, 1904, the copartners filed a voluntary petition in bankruptcy, and were duly adjudged bankrupts thereon, and on January 17, 1905, the bankrupts received their discharge. On December 3, 1904, the claim of the city of Boston for the tax here sought to be collected was proved in bankruptcy. No assets ever came into the hands of the trustee in bankruptcy. At the time of the assignment to Edwards, there was due from the copartnership the taxes assessed for the year 1902, with interest thereon at six per cent from November 1, 1902. Immediately after the execution of the assignment the collector of taxes for the city of Boston demanded of the defendant Edwards payment of these taxes. A majority in interest and amount of the creditors of the copartnership assented to the assignment, and proved their claims. The aggregate of debts so proven was greatly in excess of the value of the assets. The defendant Edwards has sufficient moneys in his hands as such assignee to pay the taxes and all other claims entitled to preference, so far as known. After the decision in *Scollard* v. *Edwards*, 194 Mass. 77, the action at law then pending was amended by leave of the Superior Court into the suit in equity now before us.

The first question to be considered is whether the city of Boston or its tax collector was obliged to assent in writing to the assignment in order to become entitled to its benefits. The answer to this question depends upon a determination of the

persons, who were intended by the descriptive terms of the instrument to become parties to it. The only persons mentioned as parties of the third part are "creditors," and the same word occurs several times in the body of the instrument. "Creditor" is ordinarily used as the antonym of "debtor" and involves a debt and a credit. It commonly signifies one who holds some contractual obligation against another. *In re Nicolin*, 55 Minn. 130. *New Jersey Ins. Co.* v. *Meeker*, 8 Vroom, 282. *Walsh* v. *Miller*, 51 Ohio St. 462. *State* v. *Georgia Co.* 112 N. C. 34. A tax, however, has uniformly been held in this Commonwealth not to be a debt. Taxes are not the subject of set-off (except by statute), nor do laws against imprisonment for debt apply to them. *Peirce* v. *Boston*, 3 Met. 520. *Appleton* v. *Hopkins*, 5 Gray, 530. *Andover & Medford Turnpike* v. *Gould*, 6 Mass. 40, 44. Generally statutes of limitations do not run against taxes (except by specific enactment), *Hayden* v. *Foster*, 13 Pick. 492, *Howe* v. *Howe*, 179 Mass. 546, *Bradford* v. *Storey*, 189 Mass. 104, save where a special action in contract is given to the collector. See *Rich* v. *Tuckerman*, 121 Mass. 222. In construing the word "tax" as used in the bankruptcy law of 1898, it was said in *New Jersey* v. *Anderson*, 203 U. S. 483, at page 492: "Generally speaking, a tax is a pecuniary burden laid upon individuals or property for the purpose of supporting the government. . . . As was said . . . in *Meriwether* v. *Garrett*, 102 U. S. 472, 513, 'Taxes are not debts. It was so held by this court in the case of *Oregon* v. *Lane County*, reported in 7 Wallace (p. 71). Debts are obligations for the payment of money founded upon contract, express or implied. Taxes are imposts levied for the support of the government, or for some special purpose authorized by it. The consent of the tax payer is not necessary to their enforcement. They operate *in invitum*. Nor is their nature affected by the fact that in some states . . . an action of debt may be instituted for their recovery. The form of procedure cannot change their character.' " We are aware of no case in which a tax has been called a debt. It has been termed a "pecuniary imposition." *Dunham* v. *Lowell*, 200 Mass. 468. Other authorities to the same point are collected in a footnote.*

---

* *Detroit* v. *Jepp*, 52 Mich. 458. *Hibbard* v. *Clark*, 56 N. H. 155. *Camden* v. *Allen*, 2 Dutch. 398. *State* v. *Piazza*, 66 Miss. 426. *Augusta* v. *North*,

It is clear that a tax, therefore, is not properly describable as a debt. This being true, the State, county or municipality or public officer to whom the tax is payable is not technically denominable as a creditor. Statutes may clothe the public officer, whose duty it is to collect taxes, with the rights of creditors as to certain remedies for the collection of the tax (R. L. c. 13, §§ 32, 33; c. 159, § 3, cl. 7), but these specially conferred remedies do not change the nature of the tax. The conclusion follows that neither the city of Boston nor its collector was obliged to become a party to the indenture of assignment by signature for the reason that its terms descriptive of parties did not properly include either.

But paragraph "Second" of the indenture of assignment, above quoted, created a trust for the benefit of the tax collector. A primary duty of the defendant Edwards, established by members of the copartnership in the very instrument which conveyed to him the property and to which all the creditors who became parties to the assignment assented in writing, was to pay in full all claims against the partners entitled to priority under the bankrupt law. The first class of these preferred claims was taxes. U. S. St. of July, 1898, c. 541, § 64 a. It is well settled that a trust may be created for the benefit of third persons without their knowledge or consent. *Ward* v. *Lewis,* 4 Pick. 518. It is equally well settled that those for whose benefit a trust is established may avail themselves of its benefits by instituting proceedings to enforce the performance of the

57 Maine, 392. *McCaskell* v. *State,* 53 Ala. 510, 513. *Texarkana Water Co.* v. *State,* 62 Ark. 188. *Jack* v. *Weiennett,* 115 Ill. 105. *Rochester* v. *Bloss,* 185 N. Y. 42. *Slaughter* v. *Louisville,* 89 Ky. 112, 123. *Bonaparte* v. *State,* 63 Md. 465. *Reynolds* v. *Fisher,* 43 Neb. 172, 182. *Sonnesyn* v. *Akin,* 12 No. Dak. 227, 231. *Hanson County* v. *Gray,* 12 So. Dak. 124. *State* v. *Baltimore & Ohio Railroad,* 41 W. Va. 81, 91. *Shaw* v. *Peckett,* 26 Vt. 482. *Stafford County* v. *First National Bank,* 48 Kans. 561. *DuBignon* v. *Brunswick,* 106 Ga. 317, 325. *State* v. *Yellow Jacket Silver Mining Co.* 14 Nev. 220, 250. *Geren* v. *Gruber,* 26 La. Ann. 694, 697. *Whiteaker* v. *Haley,* 2 Ore. 128, 139. *DePauw* v. *New Albany,* 22 Ind. 204. *Hagar* v. *Reclamation District No. 108,* 111 U. S. 701, 706. *Perry* v. *Washburn,* 20 Cal. 318. *In re Riddell,* 93 Wis. 564. *Carondelet* v. *Picot,* 38 Mo. 125. *Marshall County* v. *Knoll,* 102 Iowa, 573, 577. *Hewitt* v. *Traders Bank,* 18 Wash. 326, 331. *Gallup* v. *Schmidt,* 154 Ind. 196, 215. *State* v. *Georgia Co.* 112 N. C. 34. *State* v. *O'Neil,* 16 Vroom, 58. *Charleston* v. *Oliver,* 16 S. C. 47, 52.

trust. *Dedham Bank* v. *Richards*, 2 Met. 105, 113. *Bryant* v.
*Russell*, 23 Pick. 508, 520. *Draper* v. *Putnam*, 7 Allen, 172,
174. *Andrews* v. *Tuttle-Smith Co.* 191 Mass. 461. The demand
made by the tax collector upon the defendant Edwards and the
bringing of this suit are sufficient acts of assent, if indeed any
assent was required, to enable the plaintiff to enforce the
trust. The right to maintain a bill in equity for the purpose of
enforcing a trust established for the purpose, among other
things, of paying taxes, is not one of the remedies expressly
conferred by statute upon the tax collector. The right to
enforce the payment of taxes by an action at law does not exist
apart from statute, the history of which is traced in *Rogers* v.
*Gookin*, 198 Mass. 434. *Harrington* v. *Glidden*, 179 Mass. 486,
494. *Crapo* v. *Stetson*, 8 Met. 393. So far as the Legislature
has undertaken to govern the assignments for the benefit of
creditors it has required the payment of taxes. R. L. c. 147,
§ 22. But where a trust is legally established for the benefit of
anybody, even though the beneficiary be a public officer in his
official capacity or the representative of the sovereignty, it is
not consonant with the general principles of equity jurisprudence
to permit the trust to fail or allow the trustee to maladminister
the trust. The existence of the equitable right ordinarily gives
the person for whose benefit it was established a right to come
into a court of equity for the purpose of enforcing it. This is
true even though the beneficiary be an officer who under
ordinary conditions might not be clothed with the right to
institute general equity proceedings. The tax collector or the
municipality, into whose treasury he is obliged to pay the
money, has frequently been permitted to intervene without ob-
jection in equitable proceedings for the purpose of securing the
payment of the tax. *Waite* v. *Worcester Brewing Co.* 176 Mass.
283. *City National Bank* v. *Charles Baker Co.* 180 Mass. 40.
*Central Trust Co.* v. *Worcester Cycle Manuf. Co.* 110 Fed. 491.
*Central Trust Co.* v. *New York City & Northern Railroad*, 110
N. Y. 250. See *In re Tyler*, 149 U. S. 164; *Jack* v. *Weiennett*,
115 Ill. 105.

But the statute (R. L. c. 13, § 32)* confers upon the tax col-

---

* The section referred to is as follows:

"Section 32. If a tax remains unpaid for three months after it has been

lector authority to collect the tax by maintaining " an action in his own name against the person assessed therefor in the same manner as for his own debt." The word " action " is used here in its comprehensive sense as meaning the pursuit of a right in a court of justice without regard to the form of legal proceedings, *Cohens* v. *Virginia*, 6 Wheat. 264, 407, *Valentine* v. *Boston*, 20 Pick. 201, 203, *Bridgton* v. *Bennett*, 23 Maine, 420, 425, and not in the narrow significance in which it is sometimes employed to indicate a specific remedy at law. The defendants, Turner and Potter, were properly made parties defendant as the persons primarily liable for the tax, and this suit in equity was therefore against the " persons assessed " for the tax. *Ricker* v. *Brooks*, 155 Mass. 400. The statutory power is sufficient to enable the collector to come into equity for the purpose of enforcing a trust established for his benefit by the person assessed.

The proof by the tax collector of his claim in the bankruptcy proceedings against the bankrupt copartnership was no waiver of the rights created for his benefit under the trust agreement. The duties of the tax collector respecting the taxes committed to him by his warrant are extremely onerous and his liability stringent. *Colerain* v. *Bell*, 9 Met. 499. *Hancock* v. *Hazzard*, 12 Cush. 112. *Smythe* v. *United States*, 188 U. S. 156, 171. There seems to be some conflict in the decisions as to whether taxes are provable in bankruptcy proceedings, some of the inferior federal courts holding that they are, and others that they are not. See 2 Remington on Bankruptcy, §§ 2160, 2161, and cases there collected. It would seem that under R. L. c. 13, § 32, tax collectors of Massachusetts might so prove taxes in bankruptcy. It is not necessary to pass upon this question, because it is plain that a tax collector is not put to his election. The prompt and unembarrassed collection of taxes is essential . for the support of government. Otherwise, the very existence of the sovereign power might be imperilled. Summary remedies have been authorized by every country in every age for the collection by the government of its revenues. *Webber Lumber Co.* v. *Shaw*, 189 Mass. 366. In this Commonwealth remedies have

committed to the collector, he may maintain an action in his own name against the person assessed therefor in the same manner as for his own debt."

been from time to time extended and increased. It is contrary to the theory on which taxes are levied and collected that any one remedy should be treated as exclusive. The remedies which the statutes provide for the collection of a tax are cumulative. The tax collector is not bound at his peril to select and pursue a single one. It would be inequitable to hold the collector to the high degree of responsibility for the collection of the taxes committed to him, which is established by our statutes, and at the same time impose upon him the duty of electing at his peril which one of the numerous means for collection, provided by the statute, he must pursue. It cannot be presumed that the Legislature intended any such result from the general extension of remedies for the collection of taxes. This is especially true with reference to proof or attempted proof of taxes as a claim in a court of bankruptcy, where by the provisions of § 17 a of the bankruptcy act (U. S. St. of July, 1898, c. 541) a discharge in bankruptcy does not bar the tax.

A decree should be entered for the petitioner against the defendant Edwards for the payment of the tax with interest to the date of the decree, and costs of suit to be determined as in an action at law. No costs for or against the defendants Turner and Potter.

*So ordered.*