Pettingell, P. J.
Action of contract in which the plaintiff is the tax collector of the town of Newton, Rockingham County, State of New Hampshire, who sues to recover taxes assessed upon personal property of the defendant located in the State of New Hampshire in the year 1937. The defendant’s answer was a general denial and payment.
*129 At the trial the defendant admitted all allegations of the plaintiff’s declaration, raising orally the question of the jurisdiction of the court.
At the appropriate time he filed the following requests for rulings.
“1. That the revenue laws of one state have no force in another. 2. That taxes are imposts, not debts, collected for the support of the Government. 3. That the tax laws of one state cannot be given extraterritorial effect, so as to make collections through the agency of the courts of another state. 4. That it is an implied condition of all statutes relating to taxation that they have no extraterritorial effect. 5. That upon all the evidence the defendant is entitled to a finding in his favor. 6. That upon all the evidence, the plaintiff lacked legal capacity to sue this defendant in this cause of action.”
The court dealt with these requests as follows:
“I refuse to make any of the defendant’s Requests for Rulings, Requests numbered one, two, and four do not apply to facts admitted.”
He found, for the plaintiff. The report states that it contains all the evidence material to the questions reported.
It is clear under the decisions of the Supreme Judicial Court that taxes collected for the support of the government are not debts. That they are imposts was definitely settled in Boston v. Turner, 201 Mass. 190, at 193, where the court said, quoting from New Jersey v. Anderson, 203 U. S. 483, at page 492,
“Generally speaking, a tax is a pecuniary burden laid upon individuals or property for the purpose of supporting the government ... As was said in Meriwether v. Garrett, 102 U. S. 472, 513, ‘Taxes are not debts. It was so held by this court in the case of Oregon v. Lane County, reported in 7 Wallace (p. 71). Debts are obligations for the payment of money found *130 ed upon contract express or implied. Taxes are imposts levied for the support of government, or for some special purpose authorized by it. The consent of the taxpayer is not necessary to their enforcement. They operate in invitum. Nor is their nature affected by the fact that in some states ... an action of debt may be instituted for their recovery. The form of procedure cannot change their character. ’ ”
In Peirce v. City of Boston, 3 Met. 520, it was held that a tax being neither a judgment nor a contract was not the subject of set-off under the provisions of Rev. Sts. C. 96. In Braford v. Story, 189 Mass. 104, at 106, it was held that the collection of an inheritance tax was not barred by either the general or the special statute of limitations.
A collector of taxes cannot maintain an action to collect a tax except in a case where the statute expressly authorizes such action. Crapo v. Stetson, 8 Met. 393, at 394. Rich v. Tuckerman, 121 Mass. 222, at 223. Harrington v. Glidden, 179 Mass. 486, at 495. Boston v. Turner, 201 Mass. 190, at 195, 196. Collector of Taxes v. Rising Sun Lighting Co., 229 Mass. 494, at 498.
The question whether a tax collector in one state has any of the power or authority given to a tax collector in another state by the statutes of that state raises an issue upon which there are not many decisions in Massachusetts. In Walker v. Treasurer & Receiver General, 221 Mass. 600, at 602, the court said,
“It is an implied condition of all statutes relating to tax action that they have no extraterritorial effect. They can apply in the nature of things only to property within the jurisdiction of the sovereign state enacting the legislation, either actually through physical location or constructively through control over the person of one essentially connected therewith. ’ ’
This is in keeping with the Statement in the Restatement of the Law, Conflict of Laws, Section 610.
*131 “No action can be maintained on a right created by the law of a foreign state as a method of furthering its own governmental interests.
“C. No action can be maintained by a foreign state to enforce its license or revenue laws, or claims for taxes.”
In Moore v. Mitchell, 30 Federal 2d. 600, 65 A. L. R. 1354, (1929), this specific issue was before the Circuit Court of the United States which held, with a discussion of the authorities, that an Indiana tax could not be collected in New York. This decision was affirmed by the United States Supreme Court in 1930. The Circuit Court said,
“Taxes are imposts, not debts, collected for the support of the government. Meriwether v. Garrett, 102 U. S. 472, 26 L. Ed. 197. The form of procedure to collect them cannot change their character. No contractual or quasi contractual obligation to pay arises out of the assessment. The enforcement of revenue laws rests not on consent, but on force and authority. Colorado v. Harbeck, 232 N. Y. 71, 133 N. E. 357. An action for debt cannot be maintained to collect in the New York State Courts. New York v. McLean, 170 N. Y. 374, 63 N. E. 380 ; Maltbie v. Lobsitz Mills Co., 223 N. Y. 227, 49 N. E. 389. See also Boston v. Turner, 201 Mass. 190, 87 N. E. 634. With the appellees and the property without the state, and the estate being administered in New York, the effort to collect a tax, for a political subdivision of Indiana is repugnant to the settled principles of private international law, which preclude one state from acting as a collector of taxes for a sister state, and from enforcing its penal or revenue laws as such. The revenue laws of one state have no force in another. The taxing power of a state is, by the federal constitution (Amendment 14), limited to persons and property within its jurisdiction.”
“The principles which prevent one state or country from enforcing the penal laws of another state or country (see B. C. L. 1064) seem also to apply to foreign revenue laws, and to preclude a state or its collecting *132 officer from maintaining in the events of another State an action for the collection of taxes due to it. ’ ’ 65 A. L. R. 1360 Annotation, following Moore v. Mitchell, supra.
In view of the foregoing citations and statements, and the reasoning in Boston v. Turner, 201 Mass. 190 and Walker v. Treasurer & Receiver General, 221 Mass. 600, we are of opinion that the law in Massachusetts follows the quoted statement from the Restatement of Conflict of Laws.
It was, therefore, prejudicial error to deny any of the rulings requested, each of which was clearly applicable to the facts admitted by the plaintiff.
The plaintiff challenges the right of the defendant to raise the issue of the jurisdiction of the court at this time. If the plaintiff had no capacity to sue, the court at the time, the district court in the first instance, and the Appellate Division now, is without jurisdiction to try the action. Sterling v. Leyland & Co. Ltd., 242 Mass. 8, at 13, 14. Keegan v. Director General &C., 243 Mass. 96, at 99, 100.
Such an issue is open to the defendant at any time. Hey v. Prime, 193 Mass. 474, at 475. Lonergan v. American Railway Express, 250 Mass. 30, at 40. Moll v. Wakefield, 274 Mass. 505, at 507. Jurisdiction cannot be conferred by consent, Connolly v. Phipps, 283 Mass. 584, at 586, Golden v. Crawshaw, 302 Mass. 343, at 344; cannot be waived, Loomis v. Wadhams, 8 Gray 557, at 561; Fourth National Bank v. Mead, 214 Mass. 549, at 550, 551; Sturman v. McCarthy, 232 Mass. 44, at 48; Eaton v. Eaton, 233 Mass. 351, at 364; Lonergan v. American Railway Co., supra; Holt v. Holt, 253 Mass. 411, at 414; Matter of Ulmer, 268 Mass. 373, at 374; Hersey v. Hersey, 271 Mass. 545, at 548; and the court properly could take notice of the lack of jurisdiction on its own motion. Hey v. Prime, supra. Fourth Nation *133 al Bank v. Mead, supra. Eaton v. Eaton, supra. Paige v. Sinclair, 237 Mass. 482, at 483. Commonwealth v. Andler, 247 Mass. 580, at 582. Lonergan v. American Railway Express Co., supra. Holt v. Holt, supra. Lord v. Cummings, 303 Mass. 457, at 458.
The giving of either the 5th or 6th. requested rulings, to each of which the defendant was entitled, would have required a finding for the defendant. The finding for the plaintiff is to be vacated and judgment is to be entered for the defendant.