COLLECTOR OF TAXES OF LOWELL vs. SYLVIA SLAFSKY.

Middlesex.   January 6, 1955. — June 13, 1955.

Present: QUA, C.J., WILKINS, SPALDING, & COUNIHAN, JJ.

*Assignment for Benefit of Creditors.  Trust,* Who is beneficiary.  *Waiver. Equity Pleading and Practice,* Demurrer, Parties.  *Equity Jurisdiction,* Trust.  *Words,* "Creditor."

Neither a city which assessed personal property and excise taxes upon one who subsequently made a general assignment for the benefit of creditors, nor its collector of taxes, was by virtue of the assessments a "creditor" of the assignor within a provision in the assignment designating as parties thereto "creditors" of the assignor who should assent in writing to its terms.  [702]

Provisions in a general assignment in trust for the benefit of assenting creditors of the assignor, described as parties of the third part, that the assignee should distribute the net proceeds of the trust property "in substantial conformity with the laws of . . . [the] Commonwealth relating to the estates of insolvent debtors, paying debts" of the assignor "due and owing to the parties of the third part entitled to priority under said laws . . . in the order provided for by" such laws, meant that taxes assessed to the assignor should be paid as a preferred claim and, after payment of taxes, debts should be paid to "parties of the third part" in the order of priority set forth in G. L. (Ter. Ed.) c. 216, § 118; and entitled the collector of taxes of a city as a beneficiary of the trust, although not a creditor or a party "of the third part," to enforce by suit in equity payment of such taxes by the assignee as a preferred claim.  [702–704]

A collector of taxes who refused to assent to a general assignment in trust for the benefit of creditors, but simultaneously claimed priority for payment of taxes previously assessed against the assignor, did not waive his right as a beneficiary of the trust to enforce payment by the assignee of the taxes as a preferred claim.  [704]

A demurrer to a bill in equity as a whole should not be sustained on the ground that certain paragraphs of the bill were "vague, indefinite and inadequate" and stated only conclusions of law where the bill as a whole stated a case.  [704]

A collector of taxes, in order to maintain a suit against the assignee under a general assignment in trust for the benefit of creditors to enforce the collector's right, as a beneficiary of the trust, to payment of taxes assessed against the assignor, need not join the assignor as a party to the suit.  [704]

BILL IN EQUITY, filed in the Superior Court on March 2, 1954.

The suit was reported by *O'Brien,* J., after hearing upon the defendant's demurrer.

*Joseph Kruger,* (*Alan J. Dimond* with him,) for the defendant.

*Francis K. Monarski,* Assistant City Solicitor, for the plaintiff.

QUA, C.J. The plaintiff is the collector of taxes of Lowell. The defendant is the assignee in trust under a voluntary general assignment for the benefit of creditors made by one Gilboard on May 8, 1950. Before that date the city had assessed personal property and excise taxes against Gilboard. The purpose of this bill is to require the defendant to account to the plaintiff and to pay the taxes and interest as a preferred claim.

The assignment from Gilboard to the defendant designates Gilboard as "party of the first part," the defendant as "party of the second part," and as "parties of the third part" the "creditors of said party of the first part who shall assent in writing to the terms of this agreement as hereinafter provided." Later in the assignment is a provision that "no creditor shall be deemed a party to this agreement or entitled to the benefit of its provisions who fails to assent in writing to the terms of the same within thirty (30) days from its date," with a further provision for later assent with the consent in writing of the party of the second part. The bill states that the plaintiff and the city were duly notified of the assignment, but that the plaintiff never assented to it, and it does not appear from the bill that the city ever assented. It is alleged that on August 29, 1950, the plaintiff notified the defendant that the plaintiff did not assent and that he claimed a priority for the taxes.

The purposes of the assignment in trust were stated therein to be to convert the property into cash and to distribute the net proceeds "in substantial conformity with the laws of said Commonwealth relating to the estates of insolvent debtors, paying debts of said part [party?] of the

first part due and owing to the parties of the third part entitled to priority under said laws, in full, should the net proceeds of the trust property be sufficient therefor, otherwise pro rata in the order provided for by the laws of said Commonwealth relating to the estates of insolvent debtors and applying the balance of said proceeds equally and ratably, without preference or priority, to the payment of such debts, obligations and liabilities of the party of the first part to the parties of the third part as are provable against the estate of insolvent debtors under the laws of said Commonwealth, and are not entitled to priority under said laws . . . .'' There is also the provision that parties of the third part accept their dividends under the assignment in full payment of all "debts, claims, demands and causes of action" provable against the estates of insolvent debtors under the laws of the Commonwealth.

In the Superior Court the judge overruled a demurrer to the bill, one ground of which was the failure to state a case. He then stayed further proceedings, and reported the case.

In the case of *Boston* v. *Turner*, 201 Mass. 190, in dealing with a generally similar assignment where, as in the present instance, the parties of the third part were designated as creditors of the assignor, this court held, after careful consideration and the citation of many cases, that a tax is not properly describable as a debt, and that the unit of government or the public officer to whom a tax is payable is not technically denominable as a creditor. The court said (201 Mass. at page 194), "The conclusion follows that neither the city of Boston nor its collector was obliged to become a party to the indenture of assignment by signature for the reason that its terms descriptive of parties did not properly include either." For the same reason a similar conclusion seems required in the case before us. Neither the city nor the plaintiff was a "creditor" within the description of parties of the third part in the instrument of assignment. And it seems to follow that neither could become a party to the assignment.

But it does not necessarily follow that the plaintiff cannot maintain his bill. In *Boston* v. *Turner* the court held

that, although the collector was not a creditor, and not a party to the assignment, there were provisions in the assignment that indicated an intention that taxes should be paid by the assignee, so that the collector became a beneficiary under the trust and could enforce his rights as such beneficiary by suit in equity. We think that there is a provision in the assignment now before us that has the same effect, although not as plainly expressed as in the assignment in *Boston* v. *Turner.* We refer to the provision that the assignee shall distribute the net proceeds "in substantial conformity with the laws of said Commonwealth relating to the estates of insolvent debtors . . .." It is provided in G. L. (Ter. Ed.) c. 216, § 118, relating to the estates of insolvent debtors, that debts due to the United States and debts due to and taxes assessed by the Commonwealth, or a county, city, or town therein shall constitute the third class of preferred claims payable from estates of insolvent debtors. In view of this statute it would seem that the net proceeds of the trust property could not be distributed in substantial conformity with the laws of the Commonwealth relating to the estates of insolvent debtors without paying these taxes as a preferred claim, and the plaintiff is therefore a beneficiary of the trust.

We are not overlooking the fact that the words requiring distribution "in substantial conformity with the laws of said Commonwealth relating to the estates of insolvent debtors" are immediately followed by the words "paying debts of said part [party?] of the first part due and owing to the parties of the third part entitled to priority under said laws, in full . . ." and so forth. The close connection of these two expressions undoubtedly increases the difficulty of construction, but it must be remembered that *Boston* v. *Turner,* holding that taxes are not debts, had been recognized as the law for many years before this assignment was made. We think the meaning is that the taxes are to be paid as a preferred claim and thereafter that debts are to be paid to creditors, "parties of the third part," in the order of priority set forth in G. L. (Ter. Ed.) c. 216, § 118.

The only other possibilities would seem to be that we must either abandon the painstaking definitions of "creditor" and of "debt" in assignments for the benefit of creditors as laid down in *Boston* v. *Turner*[1] or we must hold that neither the plaintiff nor the city, neither being a "creditor," can come in as a party of the third part and that neither is otherwise a beneficiary of the trust, and therefore that taxes cannot be collected at all under this assignment. We are reluctant to accept either of these propositions. It would be strange indeed if an assignment obviously intended as a means of liquidating the affairs of an insolvent should exclude all provision for the payment of taxes which are so generally recognized as preferred claims in insolvency proceedings.

The plaintiff has not waived his rights as a trust beneficiary. According to the bill he claimed a priority for the taxes at the very time when he refused to assent to the assignment.

Another ground of demurrer was that certain paragraphs of the bill are "vague, indefinite and inadequate" and state only conclusions of law without specific facts. The demurrer, however, is to the whole bill and not separately to these paragraphs, and if the bill as a whole states a case the demurrer was properly overruled. *Baker* v. *Paeff*, 318 Mass. 366.

The defendant argues that the assignor should have been made a party. If want of a party can be deemed to be included at all in the causes of demurrer, we think the point not well taken. One for whose benefit a trust is established, even though a public officer, may under general principles institute a suit in equity to enforce the trust. The plaintiff's rights are not limited to a suit "against the person assessed" under G. L. (Ter. Ed.) c. 60, § 35, as appearing in St. 1946, c. 251, § 1. *Boston* v. *Turner*, 201 Mass. 190, 195.

*Interlocutory decree overruling
demurrer affirmed.*

---

[1] This case has been cited repeatedly for its definition of "creditor."