*Western District*

## CITY OF HOLYOKE

v.

## OREAL RAINAULT

Argued: June 30, 1964—Decided: August    , 1964

*Present*: Garvey, P. J., Moore, J., Levine, J. & Allen, J.

Case tried to *Donahue, J.* in the District Court of Holyoke.

*Levine, J.* In this action of contract, the plain-

tiff seeks to recover $6,781.85 for real estate taxes and interest for the years 1960, 1961 and 1962. The answer is a general denial and payment.

The case was submitted upon the following agreed statement of facts:

"It is agreed between the parties as follows:

1. The defendant was *not* the record owner of the premises for the years 1957, 1958 and 1959 and the real estate taxes were not assessed against him for said years.

2. Both parties agree that taxes for the years 1960, 1961 and 1962 have not been paid and the figures as set forth, as amended, in the amount of $6,781.85 reflect the correct tax for those years and *the defendant was the record owner and the person assessed for those years*. The taxes for those years were duly assessed and committed by the assessors to the collector in accordance with Chapters 59 and 60 of the General Laws.

3. Theat the City of Holyoke in September or October, 1962 had filed in the Land Court a petition for the foreclosure of all rights of redemption under tax title as provided in General Laws, Chapter 60, Section 65.

4. That the taxes for the years 1957, 1958 and 1959 have not been paid.

5. It was agreed that the only issue was: whether or not the defendant owes the sum of $6,781.85 at this time."

The defendant seasonably made the following requests for rulings:

1. A mortgagee is responsible for real estate

taxes to the City only after he takes possession as an assessed owner.

2. Where the plaintiff has asserted a claim to collect real estate taxes by suit as provided by General Laws, Chapter 60, Section 35, he must first exhaust his remedies against the property.

3. Remedies for the collection of municipal real estate taxes are cumulative but only to the amount of taxes owed.

4. A suit for the collection of real estate taxes by a municipality may not be permitted where the evidence shows that the municipality has taken other measures in conjunction therewith, which could lead to unjust enrichment.

5. Where a municipality has initiated foreclosure proceedings against property for the non-payment of taxes, a finding on a suit for the collection of taxes by the municipality must be held in abeyance pending the outcome of the resultant effect of the foreclosure proceedings relative to the determined appraisal or market value of the premises at the time of the foreclosure decree.

6. Where a City has begun proceedings in the Land Court for the foreclosure of property for the non-payment of taxes, in a suit by the City to collect real estate taxes against the person, that portion of the fair market value of the locus on the date of the foreclosure decree is to be properly applied to the payment of the items for which the taxpayer is personally liable.

7. Where the City has begun a Land Court procedure for the foreclosure of the tax title against the defendant, it is then incumbent upon the City to pursue its remedy to foreclose such title before embarking on a personal action for the collection of taxes.

The court allowed defendant's requests 1, 3 and 6, denied 2, 4, 5 and 7 and found for the plaintiff in the amount of $6,781.85. The defendant claims to be aggrieved by the denial of his requests 2, 4, 5 and 7.

The sole issue is whether the pendency of a petition in the Land Court to foreclose all rights of redemption under tax title as provided by G. L. c. 60, §65 is a bar to an action for the non-payment of taxes on the same property under G. L. c. 60, §35.

The defendant contends that (1) where a plaintiff asserts a claim to collect real estate taxes by suit under G. L. c. 60, §35, he must first exhaust his remedies against the property; (2) any finding on such a suit for the collection of taxes must be held in abeyance pending the outcome of foreclosure proceedings relative to the determined appraisal or market value of the premises at the time of the foreclosure decree; (3) where a City has begun a Land Court procedure for the foreclosure of a tax title against the defendant, it is then incumbent upon the City to pursue its remedy to foreclose such title before embarking on a personal action for the collection of taxes; (4) and finally the filing of a petition in the Land Court for the foreclosure of all rights

of redemption under tax title as provided by G. L. c. 60, §65 is a bar to a personal action for the collection of taxes under G. L. c. 60, §35.

█ The assertion by the defendant that the plaintiff should exhaust all remedies against the property in question prior to the institution of any personal action against the defendant can be given no cognizance in view of long standing decisions to the contrary. Cumulative and concurrent actions have long been recognized in our Commonwealth.

█ To argue that no personal action may be brought when a foreclosure is pending is not only specious but also contrary to precedents established by our Supreme Judicial Court as early as 1856 in the case of *Ely v. Ely,* 6 Gray 439. See also *Torrey v. Cook,* 116 Mass. 163; *Draper v. Mann,* 117 Mass. 439, 441; and *Burts v. Bradford,* 122 Mass. 129.

█ The defendant concedes that the statutory remedies for the collection of taxes are cumulative but fails to realize that such remedies are likewise concurrent. In the *Ely* case, supra, an analogous set of facts were involved. There the holder of a promissory note secured by a mortgage brought a personal action of contract on the note while a writ of entry to foreclose the mortgage was pending. The defendant relied upon the pendency of the foreclosure action as a defense to the personal action but the court ruled otherwise stating

"that the pendency of the suit to foreclose the mortgage was no bar to the action on the note, and . . . . . The causes of action and the remedies sought to be enforced, are not legally the same. The one is personal; the other a real action. The one seeks a judgment and execution against the person and property of the debtor; the other seeks merely to enforce a lien against certain real estate which he has charged with the payment of the debt."

The defendant relies almost exclusively on the case of *Boston v. Gordon,* 342 Mass. 586, but the present case is clearly distinguishable from that case, which was an action by the city to recover unpaid real estate taxes in a tax title account at the time of a Land Court decree foreclosing the tax title. Since the foreclosure discharged tax liabilities only to the extent of the fair market value of the land at the time of the foreclosure decree, evidence of the fair market value was competent and exclusion of the proffered evidence was prejudicial. In the case at bar, valuation is not an issue nor is the account of tax liability an issue, since the parties' agreed statement of facts reflects the correct tax.

Furthermore, the case of *Boston v. Gordon,* supra, does not hold that the city was obligated to complete its foreclosure suit or to exhaust its remedies against the property prior to bringing an action against the defendant on his personal liability for the taxes,

although in fact, the City had voluntarily followed that procedure.

The defendant's brief cites only two cases other than *Boston v. Gordon,* supra, namely: *Boston v. Turner,* 201 Mass. 190 and *Collector v. Slafsky,* 332 Mass. 700. Each is unfavorable to the defendant's cause as is *Boston v. Gordon.* This is quite apparent from the following statements in the opinion of Rugg, J. in the case of *Boston v. Turner,* supra, pages 196 and 197:

> "In this Commonwealth remedies have been from time to time extended and increased. It is contrary to the theory on which taxes are levied and collected that any one remedy should be treated as exclusive. The remedies which the statutes provide for the collection of a tax are cumulative. The tax collector is not bound at his peril to select and pursue a single one. It would be inequitable to hold the collector to the high degree of responsibility for the collection of taxes committed to him, which is established by our statutes, and at the same time impose upon him the duty of electing at his peril one of the numerous means for collection, provided by the statute, he must pursue. It cannot be presumed that the Legislature intended any such result from the general extension of remedies for the collection of taxes."

Cumulative and concurrent actions are permitted in innumerable other situations in order to assure adequate protection of rights. See: *Moore v. Sanford,* 151 Mass. 285, 287; *Norcross v. Cambridge,* 166 Mass. 508; *Radway v. Selectmen of Dennis,* 266 Mass. 329.

■ Under G. L. c. 60, §37, there is a lien upon the land for the tax assessed, but "this lien is simply security for the payment of the tax, The person assessed is primarily liable for the tax." *Dunham v. Lowell,* 200 Mass. 468, 470.

■ On the question raised by the defendant's request for a ruling concerning the charge of possible "unjust enrichment", we concur with the plaintiff's contention that "the defendant in the present case may very easily prevent any possible 'unjust enrichment' on the part of the City by exercising his rights in the Land Court proceeding. He may under G. L. c. 60, §68 if he desires to redeem, file an answer setting forth his right in the land, and offer to redeem upon such terms as may be fixed by the court.

■ Any amount that he is obliged to pay because of this action would of course be eliminated from the tax title account and the amount determined necessary for redemption; there would therefore be no double payment."

In view of what has been said, we find no prejudicial error in the denial of the defendant's requests 2, 4, 5 and 7 and therefore, *the report is ordered dismissed.*

Ralph J. Chouinard, City Solicitor, of Holyoke, for the Plaintiff.

Samuel W. Ripa, of Holyoke, for the Defendant.